WALTER J. FRANK JR. *v.* BOBBY STEEL, JUDGE

5-6047                                         485 S.W. 2d 737

Opinion delivered October 23, 1972

*Fulk, Lovett & Mayes,* by: *Paul W. Hoover, Jr.,* for petitioner.

*Smith, Stroud, McClerkin & Conway,* by: *William H. Howell,* for respondent.

CONLEY BYRD, Justice. The sole issue on this appeal is whether petitioner Walter J. Frank, Jr., is subject to the personal jurisdiction of the Sevier County Circuit Court under the provisions of the Uniform Interstate and

International Procedure Act, Ark. Stat. Ann. § 27-2501 et seq. (Supp. 1971). The matter is here on a petition for prohibition to Circuit Judge Bobby Steel who overruled petitioner's objection to the jurisdiction.

The issue arises out of an action by C. Henry Platt filed against International Distributing Company, a Louisiana Corporation, Charles Ryan and petitioner. The allegations are that defendants through their agents knowingly misrepresented their products to Platt and that as a result thereof, he has incurred actual damages in the amount of $6,033.45, and that in addition to the recovery thereof, he is entitled to punitive damages in the amount of $3,900.00.

At the hearing on the motion to quash, it developed that Platt as a result of negotiations with Mr. Glenn Frandsen, an agent of International Distributing Company on December 16, 1969, signed at his home in Arkansas a proposal to purchase some goods to be shipped from International. This contract assigning an exclusive sales area to Platt was accepted by International at its home office in Monroe, Louisiana on December 19, 1969, over the signature of its president, the petitioner Walter J. Frank, Jr. Mr. Platt admitted that he had never talked to petitioner in person in the State of Arkansas and that he had never seen petitioner in the State of Arkansas. The parties stipulated that International Distributing Company is a corporation validly existing under the laws of the State of Louisiana, but not authorized to do business in Arkansas.

To sustain the asserted personal jurisdiction over petitioner, respondent relies upon *Wichman* v. *Hughes,* 248 Ark. 121, 450 S.W. 2d 294 (1970), and *Nix* v. *Dunavant,* 249 Ark. 641, 460 S.W. 2d 762 (1970). In those cases we had involved the question of personal jurisdiction over a party to a contract negotiated in Arkansas through an agent. In upholding personal jurisdiction in those cases and also in *Pennsalt Chem.* v. *Crown Cork and Seal,* 244 Ark. 638, 426 S.W. 2d 417 (1967), we pointed out that before a state can exercise such "long-

arm" jurisdiction, it is essential that there be a showing that the defendant purposely availed himself of the privilege of conducting activities within the forum state. While under the facts, it would appear that International purposely availed itself of the privilege of conducting activities in this State sufficient to warrant the acquisition of jurisdiction over it, we do not find any facts that would warrant the acquisition of personal jurisdiction over petitioner who only acted in his representative capacity as president of International in accepting the contract. Respondent has cited no authority upholding extra-territorial jurisdiction over a corporate officer under these circumstances. Neither has our research revealed any such authority.

Respondent also suggests that petitioner is subject to service of process by virtue of Ark. Stat. Ann. § 64-1216 (Supp. 1971), which makes an officer of an unqualified foreign corporation personally liable on such corporate contracts unlawfully entered into in this State. Here again the facts do not support respondent because they show that whatever petitioner did, he did in the State of Louisiana. Thus the statute is not applicable to him.

Writ granted.