**Virginia M. PRETTI, Respondent,**

**v.**

**Dr. Carl W. HERRE, Jr., Appellant.**

**Ralph V. PRETTI, Respondent,**

**v.**

**Dr. Carl W. HERRE, Jr., Appellant.**

**Nos. 51443, 51444.**

Supreme Court of Missouri,
Division No. 1.

June 13, 1966.

J. Martin Anderson, Kansas City, for respondents Pretti.

Henry G. Eager, John J. Kitchin, Kansas City, Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, of counsel, for Dr. Carl W. Herre, Jr.

HOLMAN, Presiding Judge.

In these consolidated actions Virginia M. Pretti sought to recover damages for personal injuries in the sum of $50,000, and her husband, Ralph Pretti, also sought damages in the sum of $50,000 for loss of his wife's services, etc. Mrs. Pretti was injured when the car she was driving was struck from the rear by one driven by Dr. Herre. The three cars involved were all being driven in the same direction. Defendant Richard A. Griswold, driving the first car, stopped suddenly when he realized that he had passed the house he was looking for. Mrs. Pretti made a very sudden stop to avoid hitting the Griswold car. Dr. Herre then came over the crest of a hill and was unable to stop before his car collided with the Pretti automobile. The trial resulted in a verdict in favor of all defendants. Thereafter, the trial court made the following order: "Now on this day plaintiffs' motions for a new trial are by the court sustained." All of the defendants appealed, but Griswold and City Wide Mortgage Company made a settlement with plaintiffs and their appeal has been withdrawn.

■ Civil Rule 83.06(b), V.A.M.R., provides, in part, as follows: "When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent." We accordingly ordered plaintiffs-respondents to file the original brief here and they have done so. Plaintiffs have stated two propositions under their "Points Relied On" but we construe these points as stating only one ground in support of the action of the trial court in granting the new trial, i. e., "that the verdict of the jury is against the weight of the credible evidence." However, the difficulty with plaintiffs' position is that the ground relied upon is a discretionary one and we are immediately confronted with the provisions of Civil Rule 83.06(c), which states that "If the trial court grants a new trial without specifying discretionary grounds, it shall never be presumed that the new trial was granted on any discretionary grounds." Since the trial court did not specify any ground in its order, and since we are precluded by the quoted rule from presuming that the new trial was granted on the assignment plaintiffs rely upon, it is apparent that the action of the trial court cannot be sustained on that ground.

■ Plaintiffs indicate in their brief that the trial judge stated at the time the motion for new trial was argued that he was sustaining it on the ground that the verdict was against the weight of the evidence. However, that does not appear in the transcript. We must take the record as it comes to us and it cannot be supplemented by extraneous matter not found in the transcript nor conceded by adverse counsel. Eaves v. Wampler, Mo.App., 390 S.W.2d 922; Baker v. Missouri National Life Ins. Co., Mo.App., 372 S.W.2d 147 [11].

■ Since the only point relied on by plaintiffs to support the granting of the new trial is one which we are precluded from considering, it follows that the action of the trial court cannot be sustained. The order of the trial court is accordingly set aside and the cause is remanded with directions to reinstate the verdicts and judgments in favor of defendant Herre.

All concur.