Jacqueline McCARTHY, Respondent,

v.

Paul J. HALLORAN, Appellant.

No. 53120.

Supreme Court of Missouri,
Division No. 2.

Dec. 31, 1968.

Lester Watson, Richmond Heights, for respondent.

James J. Amelung, Ronald C. Willenbrock, Holtkamp & Amelung, St. Louis, for appellant.

EAGER, Justice.

This suit is one for personal injuries arising from an automobile collision. There was a verdict in plaintiff's favor for $250. Under the peculiar circumstances presented, we are not concerned with the facts or the evidence. Our controversy begins with the verdict. Since the claim was for $25,000, we have jurisdiction. Plaintiff filed a motion for new trial on several stated grounds. Defendant filed a motion "for a directed verdict," in accordance with his trial motion or, in the alternative, for a new trial on liability only; the only ground thus stated for a new trial was error in giving plaintiff's Instruction No. 2. The Court sustained plaintiff's motion *"on the ground that the verdict is against the law and the evidence"*; it sustained defendant's motion for a new trial for error in the giving of Instruction No. 2. Defendant appealed; plaintiff did not.

Counsel for defendant filed here a motion to compel the plaintiff-respondent to file the first brief under Rule 83.06(b), V.A.M.R., for the reason that the ground stated in the Court's order granting plaintiff a new trial preserved nothing for review and that, in essence, the order stated no valid ground for a new trial. We sustained that motion and ordered respondent to proceed. Respondent's counsel has since been most dilatory. A continuance was requested four days before a setting of the case at our April, 1968 Session, and after appellant had filed a motion "To Affirm Judgment." With some reluctance we continued the case. At the September Session, respondent's brief was filed only seven days before the setting of the case (instead of 45 days) and it was necessary for us to reset the case at the end of the docket in order to give the appellant additional time. Counsel for respondent has asserted that other urgent business caused these delays, but there has been no excuse for his failure to advise the Court earlier and at least request appropriate action. The business of the Court should be treated with more respect. Appellant's motion to "affirm the judgment" is overruled for the reasons stated later.

Appellant has included in his brief a motion to strike respondent's brief: (1) for delay in filing it; (2) for failure to include page references to the transcript under Rule 83.05(c) and (d), and Rule 83.09. We permitted the brief to be filed, and no facts are involved on the appeal. We overrule the motion, preferring to determine this unusual situation on the merits.

In ordering respondent to file the first brief we ruled, in substance, that the order granting plaintiff a new trial because the verdict was "against the law and the evidence" stated no legal ground. We issued that order pursuant to Rule 83.06 (b). We now reaffirm that ruling expressly. There can be no doubt under our authorities that such a general assignment is meaningless and raises nothing for review, and that consequently *no* legal ground was stated. Robbins v. Robbins et al., Mo., 328 S.W.2d 552; Edmisten v. Dousette, Mo.App., 334 S.W.2d 746. In those two opinions sundry other authorities are cited. It thus became incumbent upon respondent to demonstrate affirmatively in her brief that there *was* some adequate, nondiscretionary ground for a new trial. We do not presume that a trial court granted a new trial on a discretionary ground when no such ground has

been stated. Rule 83.06 (c); Ruediger v. American Bus Lines, Inc., Mo., 426 S.W.2d 4, 10.

■ Respondent has wholly failed to demonstrate the existence of any valid ground for a new trial. The basic difficulty with the argument in respondent's casual four and one-half page brief, is that counsel persistently *assumes* that the ground stated by the Court in its order was that the verdict was *against the weight of the evidence*. This is manifestly untrue. The latter ground was specifically alleged in the motion but it was not adopted or sustained. We may not speculate as to the trial court's intention. The fact is that a new trial was *not* granted on the ground that the verdict was against the weight of the evidence and we may not ¹e the weight of the evidence here.

■■ Respondent suggests that the motion for a new trial asserted inadequacy of the verdict and that this is the equivalent of a statement that, on damages, the verdict is against the weight of the evidence. Appellant seem: to concede that fact. But the assertion means nothing because the Court did not base its order on *either* of such grounds. As already indicated, we will *not* presume the granting of a new trial on a discretionary ground where no such ground is stated in the order. By basing its order upon another, and meaningless, ground the Court has overruled both of such assignments, i. e., the weight of the evidence and inadequacy. Moreover, the Court sustained appellant's motion for a new trial on liability only, thereby again ruling against any assignment of inadequacy. Respondent has wholly failed to demonstrate any evidentiary inadequacy in her brief; in fact, no attempt has been made to do so. Counsel has merely argued, as stated, that this question is the same as the weight of the evidence, and that the Court has ruled on that.

■ The propriety of the order granting appellant a new trial on liability only because of the giving of Instruction No. 2 is not before us. Appellant insists that he will gladly waive his motion for a new trial if the granting of a new trial to respondent is not sustained. In this state of the record, appellant's motion may not be waived; the motion has been sustained, the correctness of that part of the order is not challenged, and we can do nothing about it. Any other recourse to appellant, if any is available, must come from the trial court when the case is remanded. Nor can we, as appellant has once suggested, affirm the "verdict." The present appeal involves only the order granting respondent a new trial. Appellant has not at any time asked us to dismiss his appeal.

We conclude that the order granting respondent a new trial was and is void; that part of the trial court's order is reversed and set aside; that part of the order granting appellant a new trial on liability only is not before us on this appeal, and consequently it remains in full force. The cause is remanded for a new trial on the question of liability only, subject to any further action which may be taken in the trial court, if not contrary to this opinion.

The order granting plaintiff-respondent a new trial is reversed. The cause is remanded with directions to grant appellant a new trial on the issue of liability only, unless some other disposition, consonant with this opinion, is previously made.

FINCH, P. J., and DONNELLY and HOLMAN, JJ., concur.