**Larry WEBSTER, Appellant,**

v.

**W.K. JENKINS, Respondent.**

**No. WD 41381.**

Missouri Court of Appeals,
Western District.

Nov. 7, 1989.

C.E. Weedman, Jr., Harrisonville, for appellant.

Harold L. Caskey, Butler, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

BERREY, Presiding Judge.

This is a court-tried case for damages arising under an oral contract for custom combining. The trial court found the issue in favor of appellant Larry Webster, hereinafter plaintiff, and assessed his damages at $9,000.

Respondent W.K. Jenkins, hereinafter defendant, subsequently filed a motion for a new trial which the court sustained. Rule 78.01 states that, "[a] new trial may be granted to all or any of the parties and on all or part of the issues after trial by jury, court or master." However, the trial court did not comply with Rule 78.03 as it failed to specify of record the grounds for the granting of the new trial. There were five separate and distinct grounds listed in the petition for new trial. Thus, unlike the situation in *Ray v. Bartolotta*, 408 S.W.2d 838 (Mo.1966), where only one ground was offered in the new trial motion and thus was specified by the court's very act of sustaining it despite its silence as to its grant, the instant case yields no such presumption. The respondent filed his brief first pursuant to Rule 84.05(b).

Appellant alleges that the trial court erred in granting defendant's motion for a new trial because of the trial court's failure to specify grounds for granting the new trial. Under Rule 84.05(b) such action is presumed erroneous and it shall not be presumed that the new trial was granted on discretionary grounds. Rule 84.05(c). The defendant failed to carry his burden in establishing that the trial court's grant of a new trial was correct.

Plaintiff is a custom combine operator. He was contacted by respondent (defendant) at his home in Texas on or about December 20, 1986, and was informed the defendant needed some combining done. Defendant stated "he had some tenants that wasn't getting their crop out." Defendant asked for prices and plaintiff quoted prices of $20 an acre to combine soy beans and $18 an acre to combine milo. Defendant told plaintiff that his tenant would pay for these services. The plaintiff responded, "Well, I can't do that. I'm not going to work for one guy, get paid from somebody else." Subsequently defendant called plaintiff back and said he would pay for the custom harvesting. Plaintiff engaged in harvesting the crops and hauling the grain to the market designated by defendant from January 2 through January 17, 1987. Plaintiff harvested 225 acres of beans and 250 acres of milo.

Just as in *In Marshall v. Edlin*, 690 S.W.2d 477 (Mo.App.1985), a bilateral oral contract was entered into between the plaintiff and the defendant for the harvest of grain. Plaintiff performed his part of the contract and defendant has refused to perform his portion of the contract. The land upon which the crops were growing was owned by Mr. Jenkins, "he was the land owner," and he advised plaintiff he had a security interest in the crop. The respondent instructed plaintiff as to which field to cut first and which subsequent fields to cut.

The transcript establishes the oral agreement between plaintiff and defendant. Defendant expected and received a benefit from plaintiff's combining. Under the

guidelines of *Marshall, supra,* the plaintiff made a submissible case pursuant to the initial judgment entered by the trial court.

■ The respondent has not met his burden, for under Rule 84.05(c), "it shall never be presumed that the new trial was granted on any discretionary grounds." The general rule is that a trial court's discretionary power to grant a new trial is limited to questions of fact and matters affecting the determination of issues of fact. *Spalding v. Monat,* 650 S.W.2d 629, 631 (Mo.App.1981). "On appeal of a court-tried case, the appellate court defers to the trial court on factual issues because it is in a better position not only to judge the credibility of witnesses ... but also their sincerity and character and other trial intangibles...." *In re Adoption of W.B.L.,* 681 S.W.2d 452, 455 (Mo. banc 1984).

■ The deference extended to the trier of fact on such issues is not limited to credibility of witnesses but also to the trial court's conclusions and all fact issues deemed to have been found in accordance with the result reached by the trial court. *Askins v. James,* 642 S.W.2d 383, 386 (Mo. App.1982). Therefore, since no grounds were set forth by the trial court in granting the motion for a new trial, it cannot be presumed to have been granted on any discretionary grounds.

Because we reverse on Point I it is not necessary to reach respondent's Point II. Therefore since the trial court erred in granting defendant a new trial that order is hereby vacated and the cause is remanded to the trial court to reinstate the judgment heretofore entered for the plaintiff and against the defendant.

All concur.