Catherine Lucia STEWART, Respondent,

Minor Children, Plaintiffs,

v.

Edward B. STEWART, Appellant.

No. WD 50452.

Missouri Court of Appeals,
Western District.

June 20, 1995.

Harry D. Bowl, Columbia, for appellant.

Grant W. Smith, Guardian Ad Litem, Linn, for plaintiff, minor children.

Elaine Jones, Jefferson City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

HANNA, Presiding Judge.

On October 15, 1992, Catherine Stewart filed a petition for dissolution of her marriage to her husband, Edward Stewart. The cause was set for trial on May 18, 1994, but instead of proceeding to trial, the parties began to negotiate. They reached a settlement the next day and appeared before the court to present the settlement agreement. The terms of the agreement were presented in open court, and both parties participated in discussions with the court and made cor-

rections as to the terms. The wife then testified as to jurisdictional issues, and stated that she accepted and approved of the settlement read to the court. At the conclusion of the hearing, the court, at the parties' request, declared the marriage to be dissolved. The court entered a written decree of dissolution on August 19, 1994, in which it found that "the verbal agreement presented to the Court by the parties is not unconscionable...." In the meantime, wife's counsel filed a motion to withdraw on July 5, 1994, which was denied by the court until after it had issued the written decree.

On September 19, 1994, the wife filed a motion for new trial, accompanied by an affidavit, alleging that she was dissatisfied with her counsel's performance and with the settlement agreement. Specifically, she raised six grounds in her motion: (1) that her counsel could not have been acting in her best interest because counsel filed a motion to withdraw prior to the entry of the final decree of dissolution; (2) that wife was not informed of marital assets which were awarded to husband until she heard of the assets at the hearing; (3) that wife was not informed by counsel of details of the agreement; (4) that the terms of visitation in the agreement were unfamiliar to wife prior to the hearing; (5) that wife was not informed of the existence of husband's Union Electric savings account prior to the hearing; and (6) that wife was not informed of the consequences of husband's retirement benefits being awarded to husband. The wife's supporting affidavit recounts additional failures and omissions on the part of her trial counsel and her husband, which she argued entitled her to a new trial. The husband filed a counter-affidavit, contesting the facts stated in wife's affidavit. The trial court granted wife's motion for a new trial without specifying the grounds for its decision. Husband appeals.

Husband argues that the trial court erroneously granted wife's motion for new trial because "the record is devoid of any nondiscretionary grounds for new trial, set forth in [wife's] motion for new trial and supported by [wife's] affidavit in support thereof, requiring the trial court to grant a new trial."

■ Our standard of review is strictly limited due to the fact that the trial court's order granting wife a new trial did not specify the grounds on which it based its decision as required by Rule 78.03. When a court fails to specify the grounds, "the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent." Rule 84.05(c); *Hylton v. Vaught*, 780 S.W.2d 367, 367 (Mo.App.1989). We will not presume that the motion for new trial was granted on discretionary grounds. *Northeast Mo. Elec. Power Coop. v. Todd*, 401 S.W.2d 161, 162 (Mo.App.1966); Rule 84.05(c). The wife will meet that burden if she demonstrates that the motion for new trial should have been sustained on some ground alleged therein. *C.M. v. K.M.*, 878 S.W.2d 55, 56 (Mo.App.1994). In meeting this burden, wife is confined to the errors specified in her motion for new trial and in her brief. *Id.*

The record indicates that husband did not serve upon wife a statement requesting that she submit the opening brief pursuant to Rule 84.05(b), but instead chose to file his brief first as appellant in the usual manner. Nevertheless, we examine wife's motion for new trial to determine whether any grounds support the trial court's granting of that motion. *Id.* at 57.

■ In her first point, wife argues that the trial court's order granting a new trial was supported by the allegations in her motion and affidavit. Citing *Williams v. Williams*, 565 S.W.2d 661 (Mo.App.1978), wife claims that a new trial is warranted because her lack of knowledge and understanding of the assets in the marital estate and of various terms of the agreement prevented her from making an informed decision as to the property division in the settlement agreement. However, *Williams* is not on point because, in that case, the trial court specified the grounds on which it based its decision, resulting in a vastly different standard of appellate review. *See id.* at 663.

■ In the case before us, the trial court did not specify grounds. Therefore, the wife must affirmatively demonstrate that there was some adequate, nondiscretionary ground for a new trial. *McCarthy v. Halloran*, 435 S.W.2d 339, 340 (Mo.1968). See also *Curtis v. Curtis*, 491 S.W.2d 29, 33 (Mo.App.1973),

and *McIntyre v. M. & K. Dep't Store, Inc.,* 435 S.W.2d 737, 742 (Mo.App.1968), in which the appellate courts declined to consider discretionary grounds as the basis for the grant of a new trial. The ground relied on by the wife in her brief, her lack of understanding of the settlement agreement, is a discretionary matter because it relates to an issue of fact rather than to a matter of law and does not mandate a new trial. *See Williams,* 565 S.W.2d at 663; *Curtis,* 491 S.W.2d at 33. Due to the trial court's failure to specify grounds as required by Rule 78.03, we decline to consider discretionary grounds as a basis for the grant of a new trial to wife.

In her second point, wife argues that all the grounds raised in her motion for new trial and accompanying affidavit were essentially one ground: "that she could not have made an informed decision as to any separation agreement for want of disclosure of the facts necessary to such a decision." Therefore, wife claims, according to *Ray v. Bartolotta,* 408 S.W.2d 838, 839 (Mo.1966), there is no presumption that the trial court erroneously granted the motion for new trial because the ground on which the new trial was granted "sufficiently appears of record." However, we find that wife's motion alleges two distinct sources of her lack of knowledge and understanding: lack of disclosure by husband; and lack of disclosure by wife's counsel. While lack of disclosure of assets by husband may, in the court's discretion, entitle wife to a new trial, ineffective assistance of counsel does not. *Gilman v. Gilman,* 851 S.W.2d 15, 19–20 (Mo.App.1993). As wife put forth more than one ground for a new trial, *Ray* does not apply.

We must presume that the trial court erroneously granted the new trial. Wife has failed to overcome that presumption by demonstrating a valid, nondiscretionary ground for the new trial. The trial court's order granting wife's motion for new trial is reversed and the decree of dissolution is ordered reinstated.

All concur.