**Phillip and Jerii RODMAN,**
**Respondents,**

v.

**Charles R. SCHRIMPF d/b/a D &**
**R Apartments, Appellants.**

**No. WD 56320.**

Missouri Court of Appeals,
Western District.

May 30, 2000.

David G. Bandre, Jefferson City, for respondents.

James W. Riner, Jefferson City, for appellant.

Before: Presiding Judge LAURA DENVIR STITH, Judge LOWENSTEIN and Judge EDWIN H. SMITH.

HAROLD L. LOWENSTEIN, Judge.

This appeal emanates from a simple lawsuit, initially filed in the Small Claims Court in Cole County, that has finally landed here in a terrible procedural snarl. The Rodmans (here the respondents, but who will be referred to as Tenants) filed a one page claim for damages against Schrimpf (here the appellant, who will be referred to as Landlord) for problems encountered in a rental home in Jefferson City. These problems included sewer gas entering the home causing health problems and forcing the Tenants to spend time out of the premises, squirrels in the attic and insufficient air conditioning. A judgment was entered for the Tenants for $1,000.

Landlord filed for a trial *de novo* in circuit court, and after a bench trial in front of Judge Sodergren, judgment was entered on May 13, 1998, in favor of Landlord. Tenants pled and offered evidence that Landlord had breached the implied warranty of habitability.

On June 9, Tenants filed a new trial motion based on the following reasons: (1) Because the Court erred in finding for Defendants (Landlord) and against Plaintiffs; (2) Because the finding and judgment of the Court are without sup-

port in the evidence; (3) Because the finding and judgment of the Court are against the weight of the credible evidence; and (4) Because the finding and judgment of the Court are contrary to the law.

The next pertinent event occurred on August 24, when the court granted Tenant's motion for new trial "for good cause shown" and transferred the case to the presiding judge for assignment for the new trial. No reasons or grounds for sustaining the new trial motion were stated in the order. The case was assigned that day to Judge Brown.

On August 26, Landlord filed a notice of appeal to this court. On September 18, Tenants filed in the trial court a "Motion to Amend Judgment" to allow them, under Rule 73.01(a)(5), to amend the August 24th judgment "to conform with Rule 78.03 which states: 'Every Order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted'."

On September 23, Judge Sodergren sustained Tenant's motion to amend the judgment. The judge ruled the specific reason the motion for new trial had been granted was that the trial court erred by determining the Tenants had not properly "invoked the implied warranty of habitability (sic)."

While this case continued on the circuit court's docket for the new trial, Landlord filed for extraordinary relief seeking a ruling that the trial court's efforts to amend were void because the case had been assigned to a new judge and because Landlord had filed an appeal. Landlord's efforts were denied, and Landlord's appeal on the grant of Tenant's amended motion for new trial was argued before this court. In this posture, this appeal presents two questions to be resolved.

## I. Did the Trial Court Have Jurisdiction in September to Amend Its August 24th Judgment Granting a New Trial "For Good Cause Shown"?

■ This first question is almost free of debate between the appellant-Landlord and the respondent-Tenants. The answer to whether the September amendment adding specificity to the August judgment was done with jurisdiction is in the negative and for two reasons. First, Missouri case law clearly states that "[o]nce a change of judge has been entered and the case transferred to another judge the disqualified judge has no further authority in the case and any orders made after the disqualification are void." *State ex rel. Johnson v. Mehan,* 731 S.W.2d 887 (Mo. App.1987). See also *Byrd v. Brown,* 613 S.W.2d 695, 699 (Mo.App.1981). In the case at bar, once Judge Sodergren removed himself from the case, he no longer had jurisdiction in the matter. As the record indicates, the case was assigned to Judge Brown on August 24, 1998. As such, any matters, such as the motion to amend judgment, should have been ruled upon by the new trial judge, Judge Brown.

■ Under these facts, the second reason why the attempt to modify the original August 24th judgment for new trial was without jurisdiction, is because of the effect of the appeal filed by Landlord on August 26th. "The filing of an effective notice of appeal ordinarily cuts off the trial court's jurisdiction to exercise any judicial function in the case and vests the jurisdiction in the appellate court. The circuit court effectively no longer has an active case pending on its docket, its jurisdiction being limited to the exercise of ministerial functions provided by statute or rules of procedure." *Jordan v. City of Kansas City,* 972 S.W.2d 319, 323 (Mo.App.1998) (citation omitted).

The granting of the motion to amend and the subsequent amended judgment of September 23rd were entered without jurisdiction. The amended September judgment will be reversed. The result is that the August judgment which granted the new trial motion without specifying on which grounds it was granted, as required by Rule 78.03, will now be examined.

## II. How Does Rule 84.05 Impact the August Judgment Which Did Not Comply with Rule 78.03?

Where the grounds for a new trial are not specified, Rule 84.05(c) and (d) come into play on appeal. Those two portions of the rule, which, because of the disposition under the previous portion of this opinion, now become applicable here, read as follows:

**(c) Where Trial Court Fails to Specify Grounds for the Granting of a New Trial.** When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent. In such event if the appellant serves on the respondent a statement requesting that respondent prepare the original brief on or before the time when the record on appeal is filed, the respondent shall file the original brief and reply brief, if any, and serve them within the time otherwise required for the appellant to serve briefs. The appellant shall prepare the answer brief and serve it in the time otherwise required for the respondent to serve the respondent's brief.

**(d) Where New Trial Is Granted by Trial Court Without Specifying Discretionary Grounds.** If the trial court grants a new trial without specifying discretionary grounds, it shall never be presumed that the new trial was granted on any discretionary grounds.

■ Under normal circumstances, this court's function in cases where a new trial has been granted and grounds have not been specified, is succinctly set out in *Stewart v. Stewart*, 901 S.W.2d 302, 303 (Mo.App.1995), where the wife had listed some six reasons for her motion for new trial.

Our standard of review is strictly limited due to the fact that the trial court's order granting wife a new trial did not specify the grounds on which it based its decision as required by Rule 78.03. When a court fails to specify the grounds, "the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent." Rule 84.05(c); *Hylton v. Vaught*, 780 S.W.2d 367, 367 (Mo.App. 1989). We will not presume that the motion for new trial was granted on discretionary grounds. *Northeast Mo. Elec. Power Coop. v. Todd*, 401 S.W.2d 161, 162 (Mo.App.1966); Rule 84.05(c). The wife will meet that burden if she demonstrates that the motion for new trial should have been sustained on some ground alleged therein. *C.M. v. K.M.*, 878 S.W.2d 55, 56 (Mo.App.1994). In meeting this burden, wife is confined to the errors specified in her motion for new trial and in her brief. *Id.*

■ In *Curtis v. Curtis*, 491 S.W.2d 29, 33 (Mo.App.1973), the Southern District said the "trial court's power to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of the issues of fact. There is no discretion in the law of a case." In *Curtis*, the party in whose favor the motion for new trial was granted, without grounds having been stated in the order, attempted to rely on statements made on the record by the judge at the time of ruling on the motion to support the ruling. The court's oral statements did not refer to any of the grounds stated in the new trial motion. Noting the narrow appellate review in such cases, the court declined to uphold the trial court's action. *See also Williams v. Williams*, 565 S.W.2d 661, 663 (Mo.App. 1978).

■ In the case at bar, Tenants stated only the following reasons in support of their motion for a new trial: the judgment was without support of the evidence; was against the weight of the evidence and the "judgment of the Court are (sic) are contrary to the law." Landlord has requested under Rule 84.05(c) that Tenant bear the laboring oar in supporting the judgment

when grounds for the grant were not stated. "The obvious purpose of these rules is to protect the party appealing from an order granting a new trial from the necessity of showing an absence of merit in each assignment of error set forth in the motion. Rather, it is appropriate to require the beneficiary of the new trial to identify the specific issues which are relied upon to support the order." *Blue Cross Health Services, Inc., v. Sauer,* 800 S.W.2d 72, 75 (Mo.App.1990).

Tenants have asked this court to review and affirm the August order because of language used by Judge Sodergren in the docket sheet contemporaneous with the September order which has been ruled upon in the first point of this appeal. Specifically, in ruling on the motion to amend, the court's notes read the grounds for the August order were based on Tenants' argument that the judgment was contrary to the law. The court had ruled the implied warranty of habitability had not been properly invoked, but, in Judge Sodergren's notes, it was written "upon reflection and reviewed of P's [Tenants] mot. for new trial the court determined that P may very well have properly invoked said implied warranty."

Unfortunately for Tenants, and as discussed in the first point, the September actions of the judge came after he no longer had jurisdiction of the case, and the case was on appeal. Bearing on the decision of the effect of the August order granting the new trial in favor of the Tenants are the following factors: (1) Tenants' motion for new trial, and particularly the ground that the judgment was contrary to the law is "worthless and state[s] no legal basis for a new trial." *Dixon v. Bi–State Development Agency,* 636 S.W.2d 696, 697–8 (Mo.App.1982) (*citing McCarthy v. Halloran* 435 S.W.2d 339, 340 (Mo.1968)); (2) Under Rule 78.03, the August order granting a new trial, which did not specify of record the grounds on which it was being granted, created a presumption under Rule 84.05(c) and (d) that the grant of the motion was erroneous and placed on Tenants the burden to support the grant of

the motion on a non-discretionary ground. *McCarthy,* 435 S.W.2d at 340.

What the court is left with is an inadequate motion for new trial followed by an inadequate order granting the motion. Even if this court could consider the court's comments during the September attempt to modify the August order, it would, under the scope of review, be difficult to rule that the Tenants had made a case on the theory of implied warranty of habitability and that the trial court had specifically granted the new trial on that basis. Tenant's motion for new trial does not state that they made a case under the theory of implied warranty of habitability. The order granting the motion is silent. To repeat, the rules and the law hold that the judgment may not be held to have been granted on discretionary grounds. *Webster v. Jenkins,* 779 S.W.2d 340, 342 (Mo.App.1989). Discretionary grounds relate to issues of fact and non-discretionary grounds relate to matters of law. *Sloan v. Bankers Life & Casualty Company,* 1 S.W.3d 555, 566 (Mo.App.1999); *Stewart, supra,* 901 S.W.2d at 304; *Curtis, supra,* 491 S.W.2d at 33. Even if the September comments could be construed to be a determination by the trial court of a legal issue, as the Tenants here on appeal now propose, the motion for new trial raised nothing. The Tenants' motion did not contain "enough specific detail" to put the defendant on notice that the trial court might find for the plaintiffs on the motion. *Hiers v. Lemley,* 834 S.W.2d 729, 731–2 (Mo. banc 1992); *Blue Cross, supra,* 800 S.W.2d at 75; *Williams, supra,* 565 S.W.2d at 662. Since the Tenants, in order to meet their burden under the rules, are limited to the errors specified in their motion for new trial (and in their brief), they cannot now prevail. *Stewart, supra,* 901 S.W.2d at 303; *Moran v. North County Neurosurgery, Inc.,* 714 S.W.2d 231, 232 (Mo.App.1986).

Under the aspects of this record, this court may not speculate as to whether the trial court executed the August order on

the non-stated reason that the Tenants had made a case on the implied warranty of habitability theory. *Dixon*, 636 S.W.2d at 698. The Tenants have failed in their brief to carry the burden of proving the August order was legitimately supported. The August order was presumptively wrong and, under the narrow scope of review, this court has no other recourse than to reverse the inadequate August order that followed inadequate grounds in the new trial motion.

Therefore, the judgments under review are reversed, and the cause is remanded to reinstate the May judgment in favor of Landlord.

All concur.