**Mabel BISHOP, Teena McCarty, and Vicki Bishop, Respondents,**

v.

**Brad CARPER, Appellant.**

No. WD 59155.

Missouri Court of Appeals, Western District.

May 21, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 2002.

Application for Transfer Denied Aug. 27, 2002.

Richard F. Lombardo, Kansas City, for Appellant.

Andrew J. Gelbach, Warrensburg and John E. Turner, Kansas City, for Respondents.

Before VICTOR C. HOWARD, P.J., PATRICIA A. BRECKENRIDGE and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Dr. Brad Carper appeals the judgment of the trial court granting a new trial in the respondents' medical malpractice case against Dr. Carper. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from a civil lawsuit regarding a medical malpractice/wrongful death action. The respondents are the widow and children of Mr. Elbert Bishop, who died on February 14, 1993, at the Western Missouri Medical Center. Mr. Bishop had been admitted to the hospital because of chronic diarrhea, which seemingly was a result of chemotherapy treatments he was receiving to treat his cancer. Respondents' theory of the case was that appellant's medical negligence caused Mr. Bishop's death. Specifically, it was alleged that appellant had failed to treat Mr. Bishop's low potassium level (hypokalaemia) sustained from persistent diarrhea, a symptom of chemotherapy treatment. It was alleged that this condition caused Mr. Bishop to sustain lethal cardiac arrhythmia.

This case was tried to a jury on June 12–15, 2000, before the Honorable Mary Ellen Young presiding in Pettis County Circuit Court.[1] On June 15, 2000, the jury returned a verdict on behalf of the defendant, Dr. Carper.

At trial, Dr. Stephen Williamson testified on behalf of appellant, stating that in his expert opinion he believed Mr. Bishop's death was caused by a lethal injection of chemotherapy, not as a result of low potassium levels in his body. During Dr. Williamson's testimony, respondents' attorney moved for a mistrial based on Dr. Williamson's testimony.

It was argued by respondents that Dr. Williamson was basing his opinion on a new study not disclosed to respondents' counsel during his deposition. This study was illustrative of appellant's theory that Mr. Bishop had entered into an "experimental chemotherapy treatment," which should have required Mr. Bishop's consent.[2] Because this theory had not been alleged before trial by this witness (or at anytime by the defense), it was argued by respondents that Dr. Williamson's testimony constituted a "new opinion" in violation of discovery rules, and that this violation mandated that a new trial be ordered by the court.[3]

The trial court, after hearing arguments by the parties on respondents' motion for mistrial, denied the motion. However, the trial court found that Dr. Williamson's testimony indeed consisted of a "new opinion" in violation of discovery rules. Accordingly, the trial court ruled that a limiting instruction be given to the jury on this matter, instructing the jury to disregard Dr. Williamson's testimony as it pertained to the "experimental chemotherapy treatment" theory. The court ordered that this limiting instruction to the jury would not state a ground as to why this testimony was improper, but should simply state that the jury shall not consider the substance of the "new opinion" testimony.

Subsequent to the jury's verdict in favor of appellant, respondents filed a Motion for New Trial on July 12, 2000, listing eleven grounds that allegedly warranted a new trial. Oral arguments on this motion were heard by Judge Young on September 25, 2000. The motion for a new trial was granted by the trial court on September 28, 2000. Dr. Carper now appeals from that judgment.

In appellant's sole point before this court, it is argued that the trial court erred when it granted the motion for a new trial because the trial court failed to state a basis or reason for its order in violation of Rule 78.03.[4] In light of the alleged deficiency in the court's order for a new trial, it is argued that this judgment must be vacated, and the prior jury verdict in appellant's favor should be reinstated.

---

1. On May 16, 2000, this case was transferred from Cass County to Pettis County. However, Judge Young remained the trial judge.

2. Dr. Williamson went on to testify that, based upon his medical records, it was evident that Mr. Bishop had not been informed of the experimental nature of this treatment because at no time had he signed a waiver for this "experimental treatment."

3. In fact, respondents later suggested four different remedies to the trial court: 1) a mistrial, 2) striking Dr. Williamson's testimo-

ny in its entirety, 3) a limiting instruction to the jury, striking the doctor's testimony only as it pertained to the "experimental chemotherapy treatment" theory, but in addition, explaining to the jury why this testimony was being stricken, or 4) the same limiting instruction as the aforementioned but without an explanation as to why this part of the doctor's testimony was to be stricken.

4. All rule references are to Missouri Rules of Civil Procedure (2001) unless otherwise indicated.

## II. Legal Analysis

Appellant argues that the trial court failed to specify any grounds for its new trial order, and therefore Rule 78.03 mandates that this court vacate its order for a new trial. Rule 78.03 states that "[e]very order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." *Id.* Moreover, when "the grounds for a new trial are not specified, Rule 84.05(c) and (d) come into play on appeal." *Rodman v. Schrimpf*, 18 S.W.3d 570, 573 (Mo.App. W.D.2000). If the trial court fails to specify in its order the grounds for a new trial, Rule 84.05(c) states that "the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent." *Id.* Furthermore, this burden on the respondent extends to "affirmatively demonstrate 'that there was some adequate, nondiscretionary ground for a new trial.'" *Stewart v. Stewart*, 901 S.W.2d 302, 303 (Mo.App. W.D.1995) (quoting *McCarthy v. Halloran*, 435 S.W.2d 339, 340 (Mo.1968)).

 Pursuant to Rule 84.05(d) then, "[i]f the trial court grants a new trial without specifying discretionary grounds, it shall *never* be presumed that the new trial was granted on any discretionary grounds." (emphasis added). Therefore, in a Rule 78.03 situation, where the trial court does not specify its reason[s] for a new trial, and only discretionary grounds support the new trial order, "the action of the trial court cannot be sustained on that ground" and, thus, the new trial order must be vacated. *Pretti v. Herre*, 403 S.W.2d 568, 569 (Mo.1966); *see also*

*McCarthy*, 435 S.W.2d at 341 (holding that a reviewing court may not presume the granting of a new trial on a discretionary ground where no such ground is stated in the order); *Rodman*, 18 S.W.3d at 574–75.

 In making this distinction between discretionary and non-discretionary grounds, a useful definition is that the "trial court's power to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of the issues of fact. There is no discretion in the law of a case." *Curtis v. Curtis*, 491 S.W.2d 29, 33 (Mo.App.1973). Or put more succinctly, "[d]iscretionary grounds relate to issues of fact and non-discretionary grounds relate to matters of law." *Rodman*, 18 S.W.3d at 574. Accordingly, because all eleven points raised in the respondent's motion for new trial (as respondents concede on appeal) [5] are "discretionary," Dr. Carper argues that the trial court's motion for a new trial must be deemed error, and the jury verdict in his favor should be reinstated.

In addressing appellant's argument on appeal, respondents bring several alternate theories as to why the trial court's judgment for new trial should be upheld. At the outset, however, it should be noted that the respondents do not dispute that the rules and case law of Missouri require the trial court to state a specific ground in its judgment for a new trial, and that if the trial court fails to do so, there is a presumption that the judgment is erroneous. *See* Rules 78.03 and 84.05(c). Additionally, it is stipulated by respondents that the trial court failed in this case to expressly state any grounds for its new trial judgment.[6]

5. In respondent's brief on appeal, it is stated that "Respondents' Motion does not list any non-discretionary grounds for new trial."

6. Indeed, there can be no doubt that the trial court's judgment for a new trial failed to specify a ground. The judgment, handwritten on the docket sheet, stated only that "Court sustains Motion for New Trial."

However, it is argued by appellant that an exception to these rules exist. Under this court's ruling in *Hightower v. Hightower,* respondents argue that this presumption of error, that the trial court erred in granting a new trial for failure to state a basis for its ruling, is rebutted if the grounds in which the trial court based its ruling clearly appears from the record. 590 S.W.2d 99, 103 (Mo.App. W.D.1979). *Hightower* concerned a marital dissolution decree issued by the trial court which divided the assets of the formerly married couple's estate. *Id.* at 100. After the award was issued by the trial court, the appellant-husband made a motion for new trial which the trial court granted, but the order failed to state the grounds for granting the motion. *Id.* at 100–01. On appeal, this court upheld the trial court's order for a new trial, holding that where there exists a clear indication in the record of the grounds the trial court based its order for new trial, the presumption of error established by Rules 78.03 and 84.05(c) is rebutted by the respondent. *Id.* at 104.

It is urged by the respondents that this case falls into the *Hightower* paradigm because objections made by the respondents, as to whether appellant's testimony constituted a "new opinion" in violation of discovery rules, were argued by the parties at trial. In addition, it is stated that the grounds on which the new trial was ordered is readily apparent also because the hearing on the respondents' motion for new trial was subsumed by this issue. Therefore, it is argued by the respondents that, like in *Hightower,* it is clear from the record the ground the motion for new trial was granted, and as such Rules 78.03 and 84.05(c) are inapplicable to the matter at hand. Accordingly, it is urged that this court should apply the abuse of discretion standard in reviewing whether a new trial was properly ordered, and that under this standard it is clear that the motion was properly granted by the trial court.

Several problems exist with the analogy between *Hightower* and our case. In *Hightower,* the motion for new trial was *verbally* granted by the trial court, and at that time the court commented that this motion was granted on the grounds that "the original decree was 'manifestly unfair to the respondent.'" *Id.* at 104. Here, no such verbal comments by the trial court are present in the record which give some specific indication as to why the court ordered a new trial. It is true that during the trial Judge Young ruled that a limiting instruction be given to the jury after respondents objected to Dr. Williamson's testimony. But this evidence falls far short of the specific and direct oral statements made by the trial court in *Hightower* as to why it was granting the new trial motion. The oral statements made by Judge Young, in issuing her ruling, were made during the trial, months before she issued her judgment for a new trial (and before the jury had even rendered a verdict in the case). More importantly, there is no indication from the record that Judge Young ever doubted that this limiting instruction to the jury was ineffective in remedying this situation and, therefore, warranted a new trial. In actuality, after reviewing the record thoroughly, we cannot find any direct indication by the trial court as to why it chose to grant the motion for new trial.[7] Accordingly, be-

---

7. Respondents' argument, that because the issue of Dr. Williamson's testimony dominated oral arguments on the motion for new trial, it is, therefore, clear from the record the ground on which the motion was granted, is not compelling. We conclude that the "tenor" of a motion hearing (where one issue is prominently discussed, but no ruling is made by the court) cannot be analogized with the situation in *Hightower* in which the trial court

cause the respondents' motion for new trial included *eleven* grounds for a new trial,[8] it cannot be concluded from the trial record the ground(s) upon which the motion for new trial was granted.

In the alternative, respondents concede that Rules 78.03 and 84.05(c) are controlling in this matter, and, therefore, there is a presumption that the trial court's order was erroneous. Additionally, it is recognized by the respondent that they have the burden of overcoming this presumption. However, respondents cite *Rodman v. Schrimpf*, 18 S.W.3d 570, 573 (Mo.App. W.D.2000), for the proposition that if "Respondent's demonstrate that their Motion for New Trial should have been sustained on *some* grounds alleged therein, then they have met there [*sic*] burden and the Trial Court's ruling should be sustained." (emphasis added). But the rules and case law of Missouri clearly hold that this burden upon the respondents cannot be so easily shifted.[9] For example, *Rodman* actually states that in order for the responding party to prevail in a Rule 78.03 scenario (when the trial court fails to explain its grounds for granting a new trial), it must be demonstrated that there is some *non-discretionary* grounds for the trial court to have ordered the new trial. *Id.* at 574

(stating that "the rules and the law hold that the judgment may not be held to have been granted on discretionary grounds") (citing *Webster v. Jenkins*, 779 S.W.2d 340, 342 (Mo.App. W.D.1989.))

The *Rodman* court is not alone in finding this to be an accurate recitation of the law. As previously mentioned, this court has held before that the party that moved for a new trial "must affirmatively demonstrate that there was some adequate, non-discretionary ground for a new trial." *Stewart*, 901 S.W.2d. at 303 (citing *McCarthy*, 435 S.W.2d at 340); *see also Dixon v. Bi–State Dev. Agency*, 636 S.W.2d 696, 698 (Mo.App. E.D.1982) (holding that "Rule 84.05(c) provides that there shall be no presumption that the new trial has been granted on discretionary grounds if not particularly specified.") Most important of all, however, is the fact that this rule construction issue has long since been settled by the body who promulgated these rules, the Supreme Court of Missouri. *See McCarthy*, 435 S.W.2d at 340–41; *Pretti*, 403 S.W.2d at 569.[10]

Respondents concede on appeal that "Respondents' Motion does not list any non-discretionary grounds for new trial, (therefore) Respondents cannot meet this burden." But respondents attempt, quite

---

expressly stated its intention to grant the motion and its grounds in support of that ruling.

**8.** "Thus, unlike the situation in *Ray v. Bartolotta*, 408 S.W.2d 838 (Mo.1966), where only one ground was offered in the new trial motion and thus was specified by the court's very act of sustaining it despite its silence as to its grant, the instant case yields no such presumption." *Webster v. Jenkins*, 779 S.W.2d 340, 341 (Mo.App. W.D.1989).

**9.** Contrary to the assertion in the concurring opinion that *Pretti* 's holding "seem[s] to be contrary to the plain language of the rule," it seems that the Supreme Court's rules, standing alone, speak for themselves. When the Supreme Court used such strong language in

Rule 84.05(d), its meaning left little ambiguity.

**10.** The concurrence correctly points out that this issue has not always been resolved via this methodology. However, it is important to note that the case discussed by the concurring opinion, *King v. Kansas City Life Ins.*, was decided by the court *before* the Supreme Court promulgated the rules which are the topic of today's discussion. It only seems logical that these rules, and their subsequent interpretation in the Court's case law, was a codification of a new approach to this "vexatious problem" by the Supreme Court in response to difficulties presented by *King* sixty years ago.

**622**

adeptly, to use this concession as a dispositive ground as to why this well-settled rule should not apply in this case. In their brief before this court, respondents attempt to distinguish this case from *Stewart* by pointing out that in *Stewart* there was uncertainty as to whether the grounds for new trial were discretionary because both discretionary and non-discretionary grounds were stated in the motion for new trial; whereas in this case it is quite clear that the motion for new trial was based on a discretionary ground because all the grounds for a new trial in the respondent's motion were discretionary. 901 S.W.2d at 303. Therefore, it is argued that this court need not "presume" that the basis for a new trial was on discretionary grounds.

■ But this attempt to distinguish *Stewart* once again forgoes the fact that, as previously mentioned, the *Stewart* court is not alone in holding that "there shall be *no* presumption that the new trial has been granted on discretionary grounds if not particularly specified." *Dixon*, 636 S.W.2d at 698 (emphasis added). Additionally, one must not forget Rule 84.05(d)'s mandate that if "the trial court grants a new trial without specifying discretionary grounds, it shall *never* be presumed that the new trial was granted on any discretionary grounds." *Id.* (emphasis added). There is no dispute that the trial court in this case in fact failed to expressly specify in its order upon *which* discretionary grounds it was granting its judgment. Therefore, it must follow that under no set of circumstances may this court presume that the judgment was based upon discretionary grounds. *Pretti*, 403 S.W.2d at 569.

■ This outcome is logical when one discovers the rationale for these rules. It is important to note that they serve "to protect the party appealing from an order granting a new trial from the necessity of showing an absence of merit in each assignment of error set forth in the motion. Rather, it is appropriate to require the beneficiary of the new trial to identify the specific issues which are relied upon to support the order." *Blue Cross Health Servs., Inc., v. Sauer*, 800 S.W.2d 72, 75 (Mo.App. E.D.1990). Additionally, these rules "conserve judicial and legal time and promote clarity and establish reasonable limits to the scope of judicial decisions by confining the appeal to specific issues." *Hightower*, 590 S.W.2d at 103.

■ In their final argument on appeal, respondents attack the rational for these rules, stating that applying this "standard of review to this case, and like cases, would deprive respondents of their right to overcome this presumption of error." This argument is grounded in the fact that if, as it is conceded in this case, there are no non-discretionary grounds in the respondent's motion for a new trial, this court is left with no choice but to conclude that the trial court's allowance of a new trial was error. Respondents claim that this rule interpretation eviscerates Rule 84.05(c), limiting their right to overcome this presumption of error. But in their brief on appeal, respondents focus entirely on Rule 84.05(c) without mentioning *once* in its analysis how Rule 84.05(d) should play a role in this rule interpretation. To repeat, it has been recently held by this court that if "the grounds for a new trial are not specified, Rule 84.05(c) *and* (d) come into play on appeal." *Rodman*, 18 S.W.3d at 573 (emphasis added). In essence, it seems that respondents are ultimately asking this court to ignore Rule 84.05(d) because it adversely impacts the outcome of their case. This is something we simply cannot do.

■ It is true, as respondents point out, that this rule places upon the victorious party (the party granted a new trial) the burden to insure that the trial court's order states a ground for its order. It is also true that if the victorious party fails to do so, the order for a new trial may be deemed to be error solely because of the trial court's failure to comply with the Supreme Court Rules. But this case is certainly not the first time a litigant's new trial order has been reversed because of the trial court's failure to follow the applicable rules. (*See supra McCarthy, Pretti, Rodman, Stewart, Dixon, Webster*). Ultimately, it is not for this court to delve into policy considerations behind the rules, it is our obligation to simply uphold them.

### III. Conclusion

■ Because the trial court failed to specify a ground for ordering a new trial, its judgment was erroneous. Accordingly, the judgment for a new trial is vacated, and the original jury verdict in favor of appellant is hereby reinstated.

VICTOR C. HOWARD, P.J., concurs.

PATRICIA A. BRECKENRIDGE, J. writes separate concurring opinion.

PATRICIA BRECKENRIDGE, Judge, concurring.

This court's refusal to review the discretionary grounds asserted by the Bishops to support the grant of a new trial is supported by *Pretti v. Herre*, 403 S.W.2d 568, 569 (Mo.1966). Citing Rule 83.06(c), which is now Rule 84.05(d), the Court in *Pretti* refused to consider the weight of the evidence ground cited by the plaintiffs to support the granting of the new trial because it was a discretionary ground. *Id.* This court is bound to follow *Pretti* because it is the last controlling decision of the Supreme Court on the issue. *See Kansas Ass'n of Private Investigators v. Mulvihill*, 35 S.W.3d 425, 432 (Mo.App. 2000) (stating that "[t]his court is constitutionally bound to follow precedent set forth by the most recent Supreme Court of Missouri decision.").

I write separately, however, to note that *Pretti* contains no analysis of the issue.[1] The Court in *Pretti* did not explain why it interpreted the rule's language that "it shall never be presumed that the new trial was granted on any discretionary grounds," to mean that an appellate court is precluded from even considering whether the grant of the new trial is supported by discretionary grounds. 403 S.W.2d at 569.[2] This would seem to be contrary to

---

1. The Court in *Pretti* merely recited the language of what is now Rule 84.05(d), stated that the rule precluded the Court from presuming that the new trial was granted on the discretionary ground alleged, and then summarily held that "it is apparent that the action of the trial court cannot be sustained on that ground." 403 S.W.2d at 569. The only other reference the Court made to the issue was in its conclusion, where it stated that "[s]ince the only point relied on by plaintiffs to support the granting of the new trial is one which we are precluded from considering, it follows that the action of the trial court cannot be sustained." *Id.*

2. It should also be noted that the intermediate appellate opinions which hold that this court is precluded from considering discretionary grounds do not cite *Pretti* for this proposition. *See, e.g., Rodman v. Schrimpf*, 18 S.W.3d 570, 574 (Mo.App.2000); *Stewart v. Stewart*, 901 S.W.2d 302, 303 (Mo.App.1995). In *Stewart*, this court relies on *McCarthy v. Halloran*, 435 S.W.2d 339, 340 (Mo.1968), a Supreme Court case that was after *Pretti*. The Court's ruling on the issue in *McCarthy* is unclear, however. In *McCarthy*, the trial court stated a "meaningless" ground for granting a new trial. *Id.* at 340. The Supreme Court found that stating a meaningless ground for granting a new trial was effectively stating no legal ground and, therefore, the respondent had the burden

the plain language of the rule. The plain and ordinary meaning of the word "presume" is "to accept as true or credible without proof or before inquiry: ASSUME, INFER, SUPPOSE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1796 (1971). Applying this definition of "presume," the plain language of the rule appears to prohibit only this court's *assuming* that the new trial was granted on any discretionary grounds without proof, and not this court's *considering* discretionary grounds to support the order if those grounds have been adequately proved by the respondent.

Moreover, precluding the appellate court from considering discretionary grounds to support the grant of new trial where the trial court fails to state grounds seems to be contrary to the Court's earlier pronouncements in *King v. Kansas City Life Ins. Co.*, 350 Mo. 75, 164 S.W.2d 458, 465 (banc 1942), a case which appears to have been an impetus for the rule that is now Rule 84.05(c) and (d). *See* 2 CARR, MO. CIV. PROC. § 1206, at 253 (1947) (stating that Rule 1.10, which is now Rule 84.05(c) and (d), was "a crystallization of the thoughts expressed in the recent cases," and citing, *inter alia*, the *King* case).

In *King*, the Court held that "when the trial court sustains the motion [for new trial] without specifying any reason, the *movant* must assume the burden of pointing out assignments therein which should have been sustained." 164 S.W.2d at 464 (emphasis added). In so ruling, the Supreme Court overruled prior cases which held that the appellate court would presume that the motion for new trial was granted upon all grounds presented in the

motion; cases which held that the respondent had the burden to show that none of the grounds in the motion ought to be sustained; and other cases in which it was presumed that the new trial was granted upon an assignment in the motion that the verdict was against the weight of the evidence. *Id.* at 463–65.

In its opinion, the Court held that when the trial court has awarded a new trial without specifying its reasons, and the respondent asserts the discretionary ground of weight of the evidence to uphold the new trial grant on appeal, the appellate court will accord the trial court's order less deference, but "may take the general order [granting the new trial] into consideration as a circumstance indicating the verdict was against the weight of the evidence and that the trial court so found when the question is close and no other sustainable grounds are pointed out." *Id.* at 465. The Court further held that the burden rests with the respondent "to sustain his contention on the face of the whole record." *Id.* The Court explained why it believed this practice was preferable to the alternatives:

> This seems to us the best solution of a vexatious problem, although it may impose more work on our appellate courts. If we adhere to the present practice, and presume the motion was sustained on a weight of evidence ground, although the trial court did not so declare as the statute requires, and the ruling is contrary to our own convictions from the face of the record, the adversary litigant is, in practical effect, deprived of the right to have that question passed upon.

of demonstrating on appeal "that there was some adequate nondiscretionary ground for a new trial." *Id.* Despite finding that the respondent had to assert a nondiscretionary ground, the Supreme Court went on to review the discretionary grounds asserted by the respondent in her new trial motion. *Id.* at 341.

In this review, the Court found that the effect of the trial court's stating a "meaningless" ground was to overrule the discretionary grounds the respondent asserted in her new trial motion, and the Court also found that the respondent failed to support one of the discretionary grounds in her brief. *Id.*

If mandamus is sought to compel the trial judge to specify his reasons for sustaining the motion, it means another law suit and the appeal is impeded. If the cause is reversed and remanded because of his disobedience of the statute, the movant is prejudiced.

*Id.* The last alternative rejected by *King* because of the prejudice it causes the respondent—to reverse and remand to reinstate the verdict in favor of the appellant simply because the trial court failed to obey the requirement that it specify its reason for granting a new trial to the respondent—is exactly what the Court in *Pretti* did and what this court does today.

Nevertheless, because this court is bound to follow the Court's holding in *Pretti,* I concur.