

# Missouri Court of Appeals

## Southern District

### Division One

FARM BUREAU NEW HORIZONS )
INSURANCE COMPANY OF MISSOURI, )
                                         )
            Appellant, )
                                         )
vs.                                  )    No. SD36295
                                         )    Filed: September 22, 2020
JOHNNIE SMITH )
and SHARON SMITH, )
                                         )
           Respondents. )
                                         )

### APPEAL FROM THE CIRCUIT COURT OF DENT COUNTY

#### Honorable Randall L. Head, Judge

**<u>REVERSED</u>**

    Farm Bureau New Horizons Insurance Company of Missouri ("Farm Bureau") appeals

from the trial court's order granting the motion for new trial filed by Johnnie and Sharon Smith

("the Smiths").[1]  In two points, Farm Bureau asserts the trial court erred in granting the motion for

---

[1] The trial court's order did not specify "the ground or grounds on which the new trial [was] granted," and Farm Bureau filed a Rule 84.05(c) statement requesting that Smiths file the opening brief.  This alteration to the usual briefing order is allowed because the trial court's failure to identify the grounds for its order results in a "presumption . . . that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent."  Rule 84.05(c).

All rule references are to Missouri Court Rules (2016).

new trial because: (1) the trial court's order did not identify the basis for its ruling as required by Rule 78.03, and the only bases for reversal in the Smiths' motion for new trial are discretionary, which are insufficient to sustain the order; and (2) the expert witness testimony of Rodger Windle ("Windle") and the out-of-court statement of Mark Dotson were properly admitted. Finding merit to Farm Bureau's first point, we grant the same and reverse the order of the trial court.

**Facts and Procedural History**

We confine our recitation of the record to information relevant to our instant disposition, and such other material as is necessary for context.

On May 15, 2015, the Smiths' house and Sharon Smith's car were destroyed by fire. The Smiths had homeowners and automobile insurance policies through Farm Bureau, and filed claims with Farm Bureau for the loss of their house, personal property, and Sharon's[2] car.

Farm Bureau believed the nature of the fire was suspicious, and hired ACS Investigative Services ("ACS") to look into the circumstances of the fire's origin. After ACS concluded its investigation, Farm Bureau denied coverage on the basis that the Smiths set fire to their own house, or someone else set the fire at the Smiths' direction.

On August 28, 2015, Farm Bureau filed a "Petition for Declaratory Judgment" against the Smiths, requesting findings (in relevant part) that the Smiths "or someone at [the Smiths]' direction intentionally caused the [fire]"; that the Smiths "intentionally concealed or misrepresented material facts with regard to the claimed loss"; and that Farm Bureau was "not [in] any manner liable to [the Smiths] under the insurance policies for the claimed loss[.]" The Smiths filed an amended

---

[2] Because a portion of the involved parties share the same surname, for ease of reference, we refer to some of the parties individually by their first names. We mean no familiarity or disrespect.

2

counter-claim requesting judgment for damages allegedly covered under their policies with Farm Bureau.

A three-day jury trial commenced on July 16, 2019. Farm Bureau's theory of the case was that the Smiths (or someone acting at their direction) set fire to the Smiths' house, intentionally causing the damages for which they sought to recover under their Farm Bureau policies, and that the Smiths misrepresented this fact when they sought coverage for the resulting damages from Farm Bureau.

Windle, expert witness for Farm Bureau, testified in relevant part that one of the doors to the Smiths' home "was forced open by Mark Dotson[,]" that the door was not forced open until the fire was already in progress, and that whomever started the fire inside the Smiths' home had a key.

The Smiths' theory of the case was that someone (without their knowledge or consent) broke into their home and started the fire that caused the damages for which they were seeking coverage under their policies with Farm Bureau.

The jury rendered a verdict in favor of Farm Bureau, and against the Smiths. Thereafter, the Smiths filed a "Motion for Judgment Notwithstanding the Verdict or in the Alternative a New Trial[,]" alleging errors in the admission of evidence, and juror misconduct.[3] After a hearing on the motion, the trial court entered the following order:

> Court takes up the Defendant's [sic] Motion for Judgment Notwithstanding the Verdict or in the Alternative a New Trial. Motion for Judgment Notwithstanding the Verdict is overruled. Defendants' Motion for a New Trial is sustained. This Court recuses based upon planned retirement on September 30, 2019. Clerk to notify Presiding Judge for assignment of another judge. /s/ Randall Head, Judge

---

[3] No instance of such juror misconduct is reflected in the transcript. Moreover, as the Smiths' brief candidly concedes, there was no evidence adduced at the underlying motion hearing, and the Smiths' claim "of juror misconduct for notetaking . . . would have required evidence to support it."

This appeal followed.

In two points relied on, Farm Bureau argues:

I.      The trial court erred in granting Defendants' Motion for New Trial, because the Court's September 4, 2019 order did not identify the basis for its ruling as required by Rule 78.03, in that an order granting a new trial is presumptively erroneous under Rule 84.05(c) if it fails to specify the grounds for the ruling; to overcome the presumption of error, the respondent bears the burden of showing an adequate, non-discretionary ground on which the motion for new trial should have been granted; and Defendants' Motion for New Trial and opening brief on appeal include only discretionary grounds, which do not provide a proper basis for overcoming the presumption of error.

II.     In the alternative and in the event the Court concludes Defendants have sustained their burden under Rule 84.05(c), which Farm Bureau denies, the trial court erred and abused its discretion in granting Defendants a new trial, because: (1) Mark Dotson's out-of-court statement concerning his need to use force to open the side door of Defendants' home was properly discussed within the context of information relied on by Roger [sic] Windle, an expert, in forming an opinion under MO. REV. STAT. § 490.065.2(2), and not presented as independent, substantive evidence, and Defendants cannot demonstrate that the admission of this statement within the context of Windle's expert's [sic] opinion was more prejudicial than probative where the same statement was otherwise admitted without challenge; and (2) Windle's expert opinion addressing whether the arsonist had a key to the house was the proper topic of expert testimony because it was a part of his overall cause-and-origin investigation, Defendants agree Windle was qualified to render cause-and-origin opinions, and, regardless, and Defendants cannot show the opinion would not have assisted the jury in light of Windle's specialized training and experience.

**Standard of Review**

Rule 78.03 directs that "[e]very order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." Where a trial court:

grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent.

Rule 84.05(c).

4

Moreover, "[i]f the trial court grants a new trial without specifying discretionary grounds, it shall never be presumed that the new trial was granted on any discretionary grounds." Rule 84.05(d). Where, as here, the trial court fails to specify the grounds upon which it grants a motion for new trial, it is the respondent's burden "to affirmatively demonstrate that there was some adequate, nondiscretionary ground for a new trial." **Bishop v. Carper**, 81 S.W.3d 616, 619 (Mo.App. W.D. 2002) (internal quotation and citation omitted).

**Analysis**

*Point I: No Adequate Nondiscretionary Ground for New Trial Demonstrated*

In Farm Bureau's first point, it argues that the trial court erred in granting the Smiths' motion for new trial in that the trial court's order did not identify the basis for its ruling, as required by Rule 78.03, and that the ruling is therefore presumptively erroneous pursuant to Rule 84.05(c). Specifically, Farm Bureau suggests that the Smiths' motion for new trial included only discretionary grounds, and that such grounds cannot overcome Rule 84.05(c)'s presumption of error.

Where the trial court does not specify its reasons for a new trial, "and only discretionary grounds support the new trial order, the action of the trial court cannot be sustained on that ground and . . . the new trial order must be vacated."[4] **Reynolds v. Carter County**, 323 S.W.3d 447, 452 (Mo.App. S.D. 2010) (internal quotations and citations omitted). Specifically, "the trial court's [authority] to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of the issues of fact. There is no discretion in the law of the case." **Rodman v.**

---

[4] "The obvious purpose of these rules is to protect the party appealing from an order granting a new trial from the necessity of showing an absence of merit in each assignment of error set forth in the motion. Rather, it is appropriate to require the beneficiary of the new trial to identify the specific issues which are relied upon to support the order." **Rodman**, 18 S.W.3d at 574 (internal quotation and citation omitted).

*Schrimpf*, 18 S.W.3d 570, 573 (Mo.App. W.D. 2000) (internal quotations and citations omitted). "[W]e cannot affirm the trial court's decision to grant a new trial unless Defendants establish, as a matter of law, that the trial court committed reversible error during the trial." *Zimmer v. Belden*, 387 S.W.3d 393, 394 (Mo.App. S.D. 2012) (internal quotation and citation omitted).

As the Smiths' brief correctly indicates, their motion for new trial claimed error only with respect to the trial court's "discretionary authority." Specifically, the Smiths' motion argued that they were entitled to a new trial because of trial court errors pertaining to the admission of evidence and juror misconduct.

The trial court's order rejected the Smiths' Motion for Judgment Notwithstanding the Verdict, but stated that the Smiths' "Motion for a New Trial is sustained." No grounds for granting the motion for new trial were given. The trial court's order was presumptively erroneous, and no "adequate, nondiscretionary ground for a new trial" appears in the Smiths' motion. *See Bishop*, 81 S.W.3d at 619 (internal quotation and citation omitted).[5] As such, based on the record before us, we must conclude that the trial court's order granting a new trial was erroneous. Farm Bureau's Point I is granted.

The trial court's order granting a new trial is reversed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

DANIEL E. SCOTT, J. – CONCURS

---

[5] Citing *Hightower v. Hightower*, 590 S.W.2d 99, 103 (Mo.App. W.D. 1979), *Bishop* acknowledges the possibility of a different result if the trial court's basis for ruling "clearly appears from the record[,]" 81 S.W.3d at 620, which occurred in *Hightower* but not in *Bishop* or here.