**Aaron GREEK, a minor, By Next Friend
Terri GREEK, and Terri Greek,
Plaintiffs–Respondents,**

v.

**MIDWESTERN TELEPHONE,
INC., Defendant–Appellant.**

**No. 18849.**

Missouri Court of Appeals,
Southern District,
Division One.

July 27, 1994.

Bryan T. Renfrow, Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for appellant.

John Mollenkamp, Blanchard, VanFleet, Martin, Robertson & Dermott, P.C., Joplin, for respondents.

PARRISH, Chief Judge.

Midwestern Telephone, Inc., (defendant) appeals the trial court's order granting a motion for new trial following a jury verdict in an action for negligence that assessed 100% fault to Aaron Greek (plaintiff) and no fault to defendant. This court reverses the order granting a new trial and remands with

directions that the trial court enter judgment in accordance with the jury verdict.

On August 24, 1990, plaintiff, then 9 years old, was riding a bicycle. He was accompanied by two other boys on bicycles, Rodney Boyd and Aaron's brother, Adam. The boys rode their bicycles single file over a dirt pathway, across a vacant lot, into an alley that ran between the lot and the backside of various business buildings. Plaintiff entered the alley into the path of an oncoming pickup truck driven by Geoffrey Wood. The truck belonged to defendant. Mr. Wood was defendant's employee. He described what happened:

Q. (by defendant's attorney) Would you please tell the jury what happened next?

A. I was driving down the alley. I just glanced in my side mirror on my door, just a glance and at the exact same instance is when the collision occurred.

Q. Tell me what happened.

A. I heard it and I heard Aaron start screaming. It took a second or two to realize what was happening. It was really terrible. I stopped and got out[.] Aaron crawled out from underneath the truck. He was in sort of a low spot there in the alley which was very fortunate. He got out, he was pretty much hysterical, of course. I tried to calm him down and get him just to stay still, lay down there on the grass and not hurt himself any worse than he already was. That was basically it. I don't know how long it took before the ambulance came. Maybe a couple minutes, something like that. I just tried to get him to calm down. That was all I could do.

The jury entered the following verdict:

We, the undersigned jurors, assess percentages of fault as follows:

| | | |
|---|---|---|
| Defendant Mid-Western Telephone, Inc. | –0–% | (zero to 100%) |
| Plaintiff Aaron Greek | 100% | (zero to 100%) |
| TOTAL | 100% | (zero OR 100%) |

Plaintiff filed a timely motion for new trial. The trial court entered an Order for New Trial stating:

.    .    .    .    .

Now after considering plaintiffs' Motion For New Trial, Suggestions In Support thereof and defendants' Suggestions In Opposition, and argument of counsel, plaintiffs' Motion For New Trial is sustained because defendants' Instruction No. 9 was erroneous.

It is therefore ORDERED and ADJUDGED that plaintiffs shall be granted a new trial as to all matters.

.    .    .    .

■ Rule 78.03 requires, "Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." "A mere declaration that an instruction was erroneous is insufficient to comply with the rule." *Southern Missouri Bank v. Fogle,* 738 S.W.2d 153, 156 (Mo.App. 1987). When a trial court enters an order for new trial but fails to specify reasons for ordering a new trial, the trial court's actions are presumed to be erroneous. *Reynolds v. Briarwood Development Co., Inc.,* 662 S.W.2d 905, 906 (Mo.App.1983); *see* Rule 84.-05(c). The burden of supporting the trial court's action is that of respondent. *Id.*

■ Plaintiff, in attempting to uphold the trial court's action, argues that Instruction No. 9, tendered by defendant, was erroneous.[1] Plaintiff contends that the definition of yield the right of way, as set forth in Instruction No. 9, was incorrect because alleys are not highways; that he had no duty to yield

---

1. Instruction No. 9 states:
    In your verdict, you must assess a percentage of fault to plaintiff Aaron Greek, whether or not defendant Midwestern Telephone, Inc. was partly at fault, if you believe:
        First, plaintiff Aaron Greek failed to yield the right of way, or plaintiff Aaron Greek failed to keep a careful lookout, and
        Second, plaintiff Aaron Greek was thereby negligent, and

Third, such negligence of Aaron Greek caused or directly contributed to cause any damage plaintiffs may have sustained.
    The phrase "yield the right of way", as used in these Instructions, means a bicycle rider entering an alley from a vacant lot is required to yield to a vehicle approaching in the alley.

the right of way to the pick-up truck that was travelling through an alley; that the statement in Instruction No. 9 to the contrary was an erroneous statement of law.

Plaintiff also contends that Instruction No. 9 was prejudicially erroneous because it "deviated from MAI." He contends that Instruction No. 9 submitted "multiple negligent acts" but failed to include, in its paragraph second, the words "in any one or more of the respects submitted in Paragraph First." *See* MAI 37.02, Notes on Use (1986 New).

Defendant, while contending that Instruction No. 9 was not erroneous, asserts that even if it were, plaintiff was not prejudiced because the jury assessed 100% of fault to plaintiff. As discussed, *infra*, this court agrees that the jury's assessment of 100% of fault to plaintiff is dispositive of this appeal. The question of the correctness of Instruction No. 9 need not be, and is not, addressed.

▉ If instructional error occurs, it must be prejudicial before it constitutes reversible error. *Lee v. Mirbaha*, 722 S.W.2d 80, 83 (Mo. banc 1986); *Titsworth v. Powell*, 776 S.W.2d 416, 423 (Mo.App.1989).

> Under Missouri's comparative negligence doctrine, error in giving a comparative fault instruction is harmless when the jury apportions no percentage of fault to defendant. *Mino v. Porter Roofing Co., Inc.*, 785 S.W.2d 558, 562 (Mo.App.1990); *Hyman v. Robinson*, 713 S.W.2d 300, 301 (Mo.App.1986).

*Vasseghi v. McNutt*, 811 S.W.2d 453, 455 (Mo.App.1991). *See also, Wilson v. Shanks*, 785 S.W.2d 282, 285 (Mo. banc 1990); *Barnes v. Tool & Machinery Builders, Inc.*, 715 S.W.2d 518, 521–22 (Mo. banc 1986); *Woodiel v. Barclay Enterprises, Inc.*, 858 S.W.2d 247, 254 (Mo.App.1993).

The trial court's order granting plaintiff's motion for new trial is reversed. The case is remanded with instructions to reinstate the verdict of the jury and enter judgment consistent therewith.

SHRUM and MONTGOMERY, JJ., concur.