**CITY OF VELDA CITY, Missouri, Plaintiff/Respondent,**

v.

**Lottie Mae WILLIAMS, Defendant/Appellant.**

**No. ED 81509.**

Missouri Court of Appeals, Eastern District, Division Four.

March 4, 2003.

Ryan S. Shaughnessy, St. Louis, MO, for appellant.

J. Patrick Chassaing, Paul E. Martin, Clayton, Mo, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Defendant, Lottie Mae Williams, appeals from the trial court's grant of summary judgment in favor of plaintiff, Velda City, Missouri, on an action to recover monies received by defendant pursuant to an ordinance increasing her salary, which ordinance was enacted while she was serving as mayor. We affirm.

On April 6, 1993, Williams was elected to a four-year term as mayor of Velda City, Missouri (City). At that time, although the mayor received no salary, City did provide an annual $9,000.00 expense account. In May 1995, City passed Ordinance No. 473 [1] (ordinance), which increased the annual compensation for the mayor to $20,000.00. Two members of the Board of Alderman (Board) voted in favor of the ordinance and two members voted against it. Williams broke the tie by voting in favor of the ordinance.

Beginning on June 22, 1996, Williams received the additional monies under the ordinance. Williams's term expired on April 10, 1997. On September 8, 1998,

---

1. City Ordinance No. 473 read, in relevant part:

AN ORDINANCE PROVIDING FOR A MANAGEMENT ELECTION, IMPOSING DUTIES AND ESTABLISHING SALARIES FOR THE MAYOR AND ALDERPERSONS OF VELDA CITY MISSOURI.... Section 6. *Salary Amounts fixed until changed and establishing date of payment.*

The amount of the salary fixed by the Board of Alderman for payment to the mayor is presently fixed at Twenty Thousand Dollars ($20,000.00) annually, and the amount payable to alderpersons shall be Three Thousand Six Hundred Dollars ($3,600.00) annually.

City brought this action against her to recover the $18,866.00 she received pursuant to the ordinance. City argued that the ordinance was void because it violated Article VII, section 13 of the Missouri Constitution, which stated that "[t]he compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended."

Williams filed an answer containing five affirmative defenses to City's cause of action: (1) the Board had a right to set the salary for an elected official where no salary had been set before; (2) Williams accepted the salary in good faith based on the recommendation of the city attorney; (3) City was collaterally estopped from disputing the validity of the salary ordinance; (4) Williams had a right to receive an increased salary when new duties were imposed; and (5) the claim was barred by the applicable statute of limitations. During a deposition on January 21, 1999, Williams invoked her constitutional right and privilege against self-incrimination under the Fifth Amendment of the United States Constitution.

Williams moved for summary judgment. The trial court denied her motion and entered an order, sua sponte, striking her affirmative defenses because of her reliance upon the Fifth Amendment. On November 3, 1999, City moved for summary judgment. Williams responded, alleging that there remained disputed issues of material fact. City moved to strike the reply because it essentially reiterated Williams's previously stricken affirmative defenses. The trial court granted City's motion, struck several paragraphs from Williams's reply, and then granted City's motion for summary judgment. Williams appealed. This court reversed the judgment of the trial court; reinstated Williams's affirmative defenses; and remanded the cause for further proceedings. *Velda City v. Williams*, 41 S.W.3d 915 (Mo.App. E.D. 2001).

On remand, City filed a second motion for summary judgment, challenging Williams's affirmative defenses. The trial court granted City's motion in part, finding that there were no genuine issues of material fact on four of the five affirmative defenses and that City was entitled to judgment as a matter of law on those defenses. But, the trial court found that there was a genuine issue of material fact on the issue of Williams's fourth affirmative defense about whether Williams performed additional duties in return for the increased salary, and denied City's motion regarding that defense.

City then filed its third motion for summary judgment, claiming that under section 79.120 RSMo 2000, Williams lacked the authority to break the tied vote on the ordinance and the ordinance was therefore void. The trial court granted summary judgment in favor of City. Williams appeals.

When considering an appeal from the grant of summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* "The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. Summary judgment tests simply for the existence, not the extent, of these genuine disputes." *Id.* at 378. Because the propriety of summary judgment is purely an issue of law, our review is de novo. *Id.* at 376.

■ In her first point, Williams contends that the trial court erred in granting summary judgment in City's favor because City's action, filed in September 1998, was barred by the three-year statute of limitations set forth in section 516.130 RSMo 2000. Williams argues that the cause of action accrued on the date of the ordinance's enactment on May 10, 1995, more than three years before the filing of the present action. City counters that the cause of action was filed within the applicable three-year statutory period because the cause of action did not accrue until July 22, 1996, when Williams first received the additional money under the ordinance.

Section 516.130 provides that "[a]n action against a[n] ... officer, upon liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty" shall be brought within three years. Section 516.100 RSMo 2000 provides that a civil action can only be commenced within the periods prescribed, after the cause of action has accrued. The cause of action is deemed to accrue not "when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment." Section 516.100.

Here, the cause of action against Williams is based not on the improper enactment of the ordinance, but rather on the illegal taking of the money by Williams. Until such time as Williams misappropriated the money pursuant to the ordinance, there was no cause of action against her. At the time Williams took the money, the damage was sustained and was capable of ascertainment. *See, e.g., City of St. Joseph v. Wyatt,* 274 Mo. 566, 203 S.W. 819 (1918) (statute of limitations started to run when misappropriation of funds by the city's treasurer could have been discovered). City's cause of action was brought within three years of that date and was not barred by section 516.130. Williams's first point is denied.

■ In her second point, Williams asserts that the trial court erred in granting City's motion for summary judgment because she was not precluded as an "interested party" from casting the tie-breaking vote to enact the ordinance.

We disagree with Williams's argument that section 105.452 RSMo 2000 permitted her to vote on her own compensation. Section 105.452(4) did authorize her to "act on increases in compensation subject to the restrictions in section 13 of article VII of the Missouri Constitution." Yet, Art. VII, section 13 stated in relevant part that the compensation of a municipal officer "shall not be increased during the term of office." In the instant action, Williams not only voted to increase the salary but also took the salary increase during her term of office. This was not a situation where she voted for an increase in salary for the mayor who would hold the next term of office.

Further, section 79.120 stated, in relevant part, "The mayor shall have a seat in and preside over the board of aldermen, but shall not vote on any question except in case of a tie, nor shall he preside or vote in cases when he is an interested party...." Thus, the only statutory exception to the mayor's authority to resolve a tied vote occurred when the mayor was an interested party and the interest was either directly personal or pecuniary. *State ex rel. Ciaramitaro v. City of Charlack,* 679 S.W.2d 405, 407 (Mo.App.1984). Black's Law Dictionary 1144 (7th ed.1999) defined "interested party" as a "party who has a recognizable stake (and therefore standing) in a matter."

Here, Williams had a direct pecuniary interest in the increased salary when she

cast the tie-breaking vote in favor of the ordinance. She was mayor at the time and would reap the benefits financially from the additional money. Her pecuniary interest in the increased salary was direct and personal. Williams was therefore an interested party under the statute and was not able to vote to break the tied vote on the ordinance. Her second point is denied.

■ In her third point, Williams contends that the trial court erred in granting summary judgment in favor of City because her tie-breaking vote rendered the ordinance voidable, and not void *ab initio*. She argues that even assuming that she violated section 79.120, the violation was merely a procedural irregularity.

We disagree. Williams's inability to vote under section 79.120 was not a mere procedural irregularity. Rather, section 79.120 expressly precluded Williams from casting her vote and she violated the statute by acting in her own self-interest. In addition, her vote was necessary to pass the ordinance. "Where the vote of a member interested is necessary to pass an ordinance . . ., such ordinance . . . is void, irrespective of how beneficial the ordinance may be." 4 McQuillin Mun Corp. section 13.35 (3rd Ed 2002). Because Williams was not permitted to vote on the ordinance at the time she cast her vote, the ordinance was enacted illegally. The ordinance was therefore void. The trial court did not err in granting summary judgment in favor of City. Williams's third point is denied.

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., Concur.