**Dennis COX, Plaintiff–Appellant,**

v.

**RIPLEY COUNTY, Missouri, and Commissioners Jesse Roy, Ray Joe Hastings and William Kennon, Defendants–Respondents.**

No. 27808.

Missouri Court of Appeals,
Southern District,
Division two.

Aug. 23, 2007.

**226**

Devin S. Kirby, The Kirby Law Firm, P.C., Doniphan, for Appellant.

Christopher J. Miller, Ripley County Prosecuting Attorney, Doniphan, for Respondents.

PHILLIP R. GARRISON, Judge.

This appeal stems from the dismissal of a claim filed by Dennis Cox ("Plaintiff") for amounts claimed owed to him by Ripley County due to Plaintiff allegedly being under compensated for his services as sheriff. He contends that the trial court erred in finding that the three-year statute of limitations under Section 516.130.1,[1] applied to bar his claim against Ripley County, and its Commissioners, Jesse Roy, Ray Joe Hastings and William Kennon (collectively referred to as "Defendants").

On April 17, 1995, Nick Pepmiller ("Pepmiller") filed a petition with the Circuit Court of Ripley County, Missouri, alleging

that Defendants under compensated him in violation of Missouri law for the years he served as the Ripley County Sheriff. On December 31, 2001, Pepmiller filed a motion for leave to add Plaintiff and then both Pepmiller and Plaintiff filed an amended petition[2] that included Plaintiff's claim that he was under compensated for the period of January 1, 1993, to December 31, 1996, the years he served as the Ripley County Sheriff.[3] Defendants filed a motion to dismiss the first amended petition on March 7, 2005, alleging that Plaintiff's claim against Defendants was barred by the three-year statute of limitations as set forth in Section 516.130.1. On April 26, 2005, the trial court granted Pepmiller's motion to add Plaintiff and the motion to file the amended the petition. In the amended petition, Plaintiff asserted that he held the elected office of Sheriff of Ripley County from January 1, 1993 to December 31, 1996, but that he was under compensated during this period.

On November 2, 2005, the court took up all pending motions and issued its "Order and Memorandum of Findings," finding that Plaintiff's claim against Defendants was barred by the three-year statute of limitations as set forth in Section 516.130.1, and dismissed Plaintiff's claim with prejudice. The case proceeded to trial regarding Pepmiller's claims, and the trial court issued its final judgment on May 9, 2006, finding in favor of Pepmiller and against Defendants for his claims arising within three years of the filing of his original petition. This appeal followed.

Our review of a grant of a motion to dismiss is *de novo*. *Platonov v. The*

1. All references to statutes are to RSMo (2000) unless otherwise noted.

2. Although the legal file does not contain a copy of a motion for leave to file an amended petition, Defendants acknowledged that one was filed in her motion to dismiss amended

petition and the trial court recited that one was filed in its "Order and Memorandum of Findings."

3. No issue is raised on appeal as to the propriety of this procedure.

*Barn, L.P.*, 226 S.W.3d 238, 240 (Mo.App. E.D.2007). We assume that all the plaintiff's averments in the petition are true and grant the plaintiff all reasonable inferences from the petition. *Id.* "When an affirmative defense is asserted, such as a statute of limitation, the petition may not be dismissed unless it clearly establishes 'on its face and without exception' that it is barred." *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995) (quoting *International Plastics Development, Inc. v. Monsanto Co.*, 433 S.W.2d 291, 294 (Mo. banc 1968)).

■ On appeal, Plaintiff argues that the trial court erred in applying the three-year statute of limitations of Section 516.130.1 instead of the five-year period set out in Section 516.120.2. Section 516.130.1 provides that a three-year statute of limitations shall apply to

> [a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise[.]

Section 516.120.2 sets out a five-year statute of limitations that applies to "[a]n action upon a liability created by a statute other than a penalty or forfeiture[.]"

Section 57.317 sets forth the statutorily mandated formula for determining a county sheriff's compensation. That section lists a schedule of compensation and requires that "[t]he county sheriff in any county ... shall receive an annual salary computed as set forth in the following schedule." Section 57.317. Plaintiff alleges that Defendants did not follow the formula set forth by that section and in doing so set his salary contrary to Missouri law.

The dispositive issue before this Court is which statute of limitations applies to the particular facts as pled by Plaintiff. Statutory interpretation and construction is a matter of law and not fact. *State v. Laplante*, 148 S.W.3d 347, 348 (Mo.App. S.D. 2004). The purpose of engaging in statutory construction is to determine the "legislative intent from the language of the act, considering the words used in their plain and ordinary meaning, and to give effect to that intent whenever possible." *Connor v. Monkem Co., Inc.*, 898 S.W.2d 89, 90 (Mo. banc 1995). When faced with two different statutes, each applicable to the same matter, the two must be read together and harmonized. *City of Ellisville v. Lohman*, 972 S.W.2d 527, 534 (Mo.App. E.D.1998).

The Defendants contend that the three-year statute of limitation of Section 516.130.1 should apply because, as county commissioners, they are "officers" within the meaning of that statute. When faced with the issue of what constituted an "officer" within the meaning of the three-year statute of limitations, our Supreme Court noted that

> [a] public office is defined to be 'the right, authority and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.' The individual who is invested with the authority and is required to perform the duties is a public officer.

*State ex rel. School District of Sedalia v. Harter*, 188 Mo. 516, 87 S.W. 941, 943 (1905) (internal citations omitted). Under such a definition, it would appear that Defendants, Commissioners Jesse Roy, Ray Joe Hastings and William Kennon, are officers. *See* Section 49.010 *et seq.* This finding, however, does not end our inquiry. We believe a brief review of the

case history surrounding Sections 516.120.2 and 516.130.1 is necessary to serve as a guide in our decision.

First, in 1924, a former employee brought a suit against Kansas City and the members of the board of water commissioners alleging that he was improperly discharged and seeking reinstatement and payment of salaries due him. *State ex rel. Wingfield v. Kansas City*, 217 Mo.App. 288, 263 S.W. 516 (1924). The former employee claimed that he had been discharged in violation of what was then the civil service law. *Id.* at 517. At trial and on appeal, the defendants asserted that the three-year statute of limitations, then Mo. R.S. Section 1318 (1919),[4] should apply as the employee's cause was based on an alleged wrong done by officials in their official capacity. Id. at 519. The *Wingfield* court instead applied the five-year statute of limitations of Mo.R.S. Section 1317 (1919).[5] *Id.* at 519. The court rejected the defendants' argument and noted that the three-year statute of limitations did not apply to the facts at bar because "there [was] no claim [there] that any officer, as such, incurred any liability 'by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise.'" *Id.* In holding that the five-year period of Mo.R.S. Section 1317 (now Section 516.120.2) should apply, the *Wingfield* court found the suit to be "an action upon a liability created by a statute other than a penalty or forfeiture." *Id.*

Next, in *Coleman v. Kansas City*, 351 Mo. 254, 173 S.W.2d 572, 573 (1943), city employees brought an action against Kansas City to recover the balance of salaries due them. The employees' salaries were fixed by ordinance, but the employees had been required to take forced leaves of absences and salary cuts by Kansas City. *Id.* As one of its defenses, Kansas City relied on the five-year statute of limitations under what was then Mo.R.S. Section 1014 (1939).[6] *Id.* On appeal, the employees challenged the trial court's application of the five-year statute of limitations period. *Id.* at 577. Although the three-year statute of limitations period was not discussed, the *Coleman* court upheld the application of the five-year period. *Id.* at 578.

In *State ex rel. Robb v. Poelker*, 515 S.W.2d 577, 578 (Mo. banc 1974), several state officials sought to compel officials of the City of St. Louis to budget for and pay sums due for care and maintenance of indigent patients from the City of St. Louis. The City of St. Louis officials then filed an action for a writ of mandamus against the governor, the state treasurer, the director of revenue, and all the members of the House of Representatives and the Senate of the State of Missouri. *Id.* at 580. That writ sought payment of amounts alleged due to the City of St. Louis by the State of Missouri for care provided to patients in hospitals of the City of St. Louis over ten years before the filing of the writ. *Id.* In denying the City of St. Louis' writ, the *Poelker* court specifically held that the five-year limitations period of Section 516.120.2 applied to the City of St. Louis' claim against the various officers of the state and the amounts alleged due arose out of transactions that took place more than five years before. *Id.* The City of St. Louis' claims were

---

**4.** The current version of Mo.R.S. § 1318 (1919) is § 516.130.

**5.** The current version of Mo.R.S. § 1317(1919) is § 516.120.

**6.** The current version of Mo.R.S. § 1014 (1939) is § 516.120.

thus held to be barred by Section 516.120.2's five-year period. The *Poelker* court did not apply Section 516.130.1's three-year period.

*Lohman* was a suit filed by several municipalities against the director of revenue and the county for improper distribution of sales tax revenues. 972 S.W.2d at 529. At issue on appeal, was whether the three-year statute of limitations of Section 516.130.1 applied or the five-year period of Section 516.120.1 or Section 516.120.2. *Id.* at 534. Relying on the statutory rule of construction that the provisions of a more specific statute should be given precedent over those of a more general statute, the *Lohman* court determined that Section 516.130.1 should apply instead of Section 516.120.2. *Id.* The *Lohman* court did not mention *Wingfield, Coleman,* or *Poelker.*

Most recently, a title company brought an action against a county and the county recorder to recover money that was stolen by the recorder. *Investors Title Co., Inc. v. Hammonds,* 217 S.W.3d 288, 292 (Mo. banc 2007). At trial, the court applied Section 516.130.1's three-year period of limitations. *Id.* at 299. On appeal, the title company argued that the five-year period under Section 516.120.1 should apply. *Id.* at 298. Section 516.120.1 creates a five-year statute of limitations for [a]ll actions upon contracts, obligations or liabilities, express or implied ... except where a different time is herein limited[.] *Id.* at 298–99. The *Hammonds* court determined that the suit was against an officer for a liability incurred by the doing of an act within the officer's official capacity. *Id.* at 299. Relying on the express language of Section 516.120.1, requiring that it be applied "except where a different time is herein limited," the *Hammonds* court found that Section 516.130.1 and its three-year limitations period was the proper statute to apply. *Id.* at 299. Because

there existed no liability based on a statute, Section 516.120.2 did not apply to the facts before the *Hammonds* court.

■ For the reasons we will subsequently set forth, we believe that the case at bar is more similar to the *Wingfield, Coleman,* and *Poelker* cases and that the five-year period under Section 516.120.2 is the proper limitations period to apply to the facts before us.

First, we find that Plaintiff's claim is "[a]n action upon a liability created by a statute other than a penalty or forfeiture." Section 516.120.2. Section 57.317 clearly establishes a mandatory salary schedule for county sheriffs. Plaintiff's claim is based on Defendants' failure to follow the schedule established by Section 57.317.

Second, we conclude from *Wingfield, Coleman, Poelker,* and *Lohman* that the three-year period of Section 516.130.1 more appropriately applies when only one official is involved and the cause of action is based on an alleged wrong that occurred as part of that officer's official conduct. Conversely, here the entire county commission and the county are the named defendants and there is no allegation that the matter complained of was committed by any particular individual.

Furthermore, this Court finds *Hammonds* to be inapplicable to the case at bar for several reasons. First, *Hammonds* did not involve "a liability created by a statute" and as such Section 516.120.2 was not involved. Instead, the appellants in *Hammonds* relied on Section 516.120.1. Lastly, in holding that Section 516.130.1 was the proper statute of limitations, the *Hammonds* court relied on the language contained in Section 516.120.1 expressly stating that that section does not apply "where a different time is herein limited[.]" 217 S.W.3d at 298–299. Because the *Hammonds* court found Section

516.130.1 applicable to the facts before it, it held that Section 516.130.1 created a different limitation period and thereby applied instead of Section 516.120.1. *Id.* However, Section 516.120.2 is distinguishable from Section 516.120.1 because it does not contain language similarly limiting its application.

Likewise, we find that *Lohman* differs from the case at bar and is therefore distinguishable on the facts before us. The primary distinction resides in the pleadings of the two cases. In *Lohman*, the appellants specifically pled that the "director of revenue"

 (1) was charged with the duty of distributing monthly to various municipalities in St. Louis County twenty-five (25%) percent of the distributable sales tax revenue collected ...

 (2) had collected the sales tax ... and continues to do so; and

 (3) disbursed sales tax revenue ... in a manner inconsistent with the [applicable statutes.]

*Lohman,* 972 S.W.2d at 535. In the case at bar, Plaintiff pled "[t]hat during the period of January 1, 1993 to December 31, 1996, the Defendants and their duly elected predecessors, completed and set the Plaintiff['s] ... salary contrary to Missouri Law[.] Our focus on the differences in the pleadings is relevant because "[t]he gravamen or a 'fair reading of the complaint in its totality' will determine the applicable statute of limitations[.]" *Id.* at 535 (quoting *Wenthe v. Willis Corroon Corp.,* 932 S.W.2d 791, 796 (Mo.App. E.D.1996)). The pleadings in *Lohman* established that the suit was primarily against an officer, i.e., the director of revenue, for duties and acts within his official capacities. In the case at bar, however, Plaintiff's pleadings are more properly construed against Defen-

dant Ripley County and the Ripley County Commission as a whole. Moreover, when viewed in the light most favorable to Plaintiff, we cannot say that he pled an action involving an officer and "a liability incurred by the doing of an act in [that officer's] official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise." Section 516.130.1.

Defendants assert that even if the five-year period of Section 516.120.2 applies, Plaintiff's claim is still barred as Plaintiff's motion to file the amended petition was not sustained until April 26, 2005, which was more than five years after the latest date Plaintiff claims to have been underpaid. Relying on Rule 53.01,[7] Defendants argue that Plaintiff did not commence his cause of action until April 26, 2005, as that was when the motion to file the amended petition was granted. Rule 53.01 states that "[a] civil action is commenced by filing a petition with the court." Under this interpretation, the five-year period would have run on Plaintiff's claim as his last day as Sheriff of Ripley County was on December 31, 1996.

Defendants fail to recognize that the requirements of Rule 53.01 are met when a motion to amend is filed before a statute of limitations has run but not granted until after the limitation period. *Butler v. Hurlbut,* 826 S.W.2d 90, 94 (Mo.App. E.D. 1992). Therefore, Plaintiff's timely filed motion to amend the pleadings was sufficient to meet Rule 53.01's requirement and, for purposes of the statute of limitations, the action commenced upon the filing of that motion. *Id.*

For the reasons heretofore stated, we hold that the trial court erred in applying the three-year statute of limitations of Sec-

---

**7.** All references to rules are to Missouri Rules   of Civil Procedure (2006).

tion 516.130.1 to Plaintiff's action. Instead, we find Section 516.120.2's five-year period applicable to the facts before us. Therefore, the trial court's entry dismissing Plaintiff's claim is reversed and this action is remanded for further proceedings.

BATES, C.J., and LYNCH, J., concur.