STATE of Missouri, ex rel., GASCONADE COUNTY, Sandra Lackman and Matthew Penning, Respondents/Cross–Appellant,

v.

Ronald JOST, Jerry Lairmore and Max Aubuchon in their individual capacity, Appellants,

and

Ronald Jost, Jerry Lairmore and Max Aubuchon in their official capacities, Cross–Respondents.

No. ED 91493.

Missouri Court of Appeals, Eastern District, Division Four.

June 23, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2009.

Application for Transfer Denied Oct. 6, 2009.

---

Ivan L. Schraeder, Lowenbaum Partnership, L.L.C., St. Louis, MO, Thomas E. Loraine, Osage Beach, MO, for Appellant.

David L. Baylard, Baylard, Billington, Dempsey & Jenson, P.C., Union, MO, for Respondent/Cross–Appellant.

## OPINION

MARY K. HOFF, Judge.

Ron Jost[1], Jerry Lairmore (Lairmore), and Max Aubuchon (Aubuchon) (collectively Defendants), in Their Individual Capacities and Official Capacities as Commissioners of Gasconade County, Missouri, appeal from the trial court's grant of summary judgment in favor of State of Missouri, County of Gasconade, ex rel., Sandra Lackman and Matthew Penning, as Residents and Taxpayers of Gasconade County, Missouri, (collectively Plaintiffs) on Plaintiffs' First Amended Petition alleging Lair-

more and Aubuchon wrongfully received mid-term pay increases, which Defendants thereafter refused to repay.[2] We reverse and remand.[3]

### Factual and Procedural History

We note this case has a lengthy and complicated procedural history. However, given our disposition of the issues on appeal, we need only recount the following relevant facts.

Defendants were elected members of the Gasconade County Commission. On January 1, 1999, and again on January 1, 2000, Lairmore and Aubuchon, who were associate commissioners, each received mid-term pay increases of $10,253.00, pursuant to Section 50.333.13 RSMo Supp. 1999. The Gasconade County Salary Commission authorized the pay increases.

In 2001, in *Laclede County v. Douglass*, 43 S.W.3d 826 (Mo. banc 2001), the Missouri Supreme Court declared Section 50.333.13 invalid because it violated Article VII, section 13 of the Missouri Constitution, which prohibits mid-term increases in compensation for state, county, and municipal officers. In 2002, the Missouri State Auditor's Office conducted an audit of the finances of Gasconade County. In December 2002, the Auditor's Office issued a report concluding that Lairmore and Aubuchon unlawfully received the mid-term pay increases in 1999 and 2000. A copy of the audit was provided to Defendants. Defendants did not reimburse Gasconade County for the mid-term pay increases. In November 2006, the Auditor's Office conducted a second audit and issued a

---

1. Ron Jost is not a party in this appeal.

2. The trial court also granted summary judgment in favor of Defendants on Plaintiffs' claim against them in their Official Capacities. Defendants do not appeal that ruling.

3. Plaintiffs filed a motion for attorneys' fees on appeal, which was taken with the case. Plaintiffs' motion is denied.

second report reaffirming the conclusions from the 2002 audit.

In February 2007, Plaintiffs, on behalf of Gasconade County, filed their initial three-count petition against Lairmore and Aubuchon in their official capacities as county commissioners.[4] Plaintiffs' petition alleged that Lairmore and Aubuchon each received a total of $20,506 in pay increases and that, when they learned the pay increases were unlawful, they refused to return the money to Gasconade County. The petition further alleged that Defendants, as the Gasconade County Commission and as public officials, had an affirmative duty to return the salary increases but, instead, Defendants had "intentionally secreted" the findings of the two audits and had refused to act on behalf of Gasconade County to recover the unlawfully paid mid-term pay increases. Plaintiffs requested an order from the trial court compelling Lairmore and Aubuchon to reimburse Gasconade County for the total amount of the salary increases, plus interest accrued on that amount, and for attorneys' fees and costs. In September 2007, Plaintiffs filed their First Amended Petition against Defendants, adding Defendants in their individual capacities to the lawsuit.

Defendants subsequently filed their answer and affirmative defenses to the First Amended Petition, arguing, in relevant part, that the statute of limitations, Section 516.120.2[5], and the doctrines of laches and estoppel barred Plaintiffs' claims.

Both Plaintiffs and Defendants thereafter filed their cross motions for summary judgment and their respective responses. After a hearing on the summary judgment motions in which evidence was adduced, the trial court entered its final judgment finding that: (1) Plaintiffs' cause of action was timely filed because the public was not put on notice of Defendants' receipt of the unlawful mid-term pay increases until the Auditor's Office published its report in December 2002; (2) Plaintiffs were entitled to no relief as a matter of law against Defendants in their official capacities; and (3) Lairmore and Aubuchon were jointly and severally liable in their individual capacities for repaying the total amount of the mid-term pay increases each of them had received, plus interest accruing from the date of the December 2002 report issued by the Auditor's Office. The trial court also ordered Lairmore and Aubuchon, in their individual capacities, to pay Plaintiffs' attorneys' fees in the amount of $23,543.00, plus costs. This appeal follows.

*Discussion*

In their first point on appeal, Defendants claim the trial court erred in entering summary judgment against them in their individual capacities because Plaintiffs' claims that Defendants received unlawful mid-term pay increases were barred by the statute of limitations, Section 516.120.2. We agree.

"Whether or not a statute of limitations applies is a question of law[,] which we review *de novo*." *Gerken v. Sherman*, 276 S.W.3d 844, 854 (Mo.App. W.D.2009). A fair reading of the petition in its totality determines which statute of limitations ap-

---

4. Although Plaintiffs also named Ron Jost in his individual and official capacity as a defendant, Plaintiffs did not allege that he received and retained an unlawful mid-term pay increase. Plaintiffs, however, did allege that Ron Jost, along with Lairmore and Aubuchon, violated the duties of his office as a Gasco-

nade County Commissioner by failing to commence legal action on behalf of the county's residents to recover the pay increases paid to Lairmore and Aubuchon.

5. All subsequent statutory references are to RSMo 2000, unless otherwise indicated.

plies in a particular case. *Gerken,* 276 S.W.3d at 854, *citing Cox v. Ripley County,* 233 S.W.3d 225, 229–30 (Mo.App. S.D. 2007). Missouri courts have found that the five-year statute of limitations in Section 516.120.2 is appropriately applied in cases where more than one public official is named as a defendant and the cause of action is based upon the public officials' violation of or failure to follow the law. *Gerken,* 276 S.W.3d at 855; *Cox,* 233 S.W.3d at 228, 230.

A civil action upon a liability created by a statute other than a penalty or forfeiture must be brought within five years. Section 516.120.2. A civil action can be commenced only within the five-year period after the cause of action accrued. Section 516.100; *City of Velda City v. Williams,* 98 S.W.3d 880, 883 (Mo. App. E.D.2003). The cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered and full and complete relief obtained. Section 516.100. In other words, the statute of limitations begins to run when the plaintiff's right to sue arises or when the plaintiff could first successfully maintain his cause of action. *Lane v. Non–Teacher School Employee Retirement System of Missouri,* 174 S.W.3d 626, 634 (Mo.App. W.D.2005). This is an objective test to be decided as matter of law. *Id.* "Under this test, a cause of action accrues when the damage can be discovered, not when it is actually discovered." *Id.* A plaintiff's ignorance of his cause of action will not prevent the statute from running. *Id.* Section 516.100's phrase "capable of ascertainment" refers to the fact of damage but does not mandate the plaintiff know the

precise amount of that damage. *Id.* " '[T]he requirement that damages be sustained and capable of ascertainment does not change the tenet that when an injury is complete as a legal injury, the period of limitations commences at once.' " *Id., citing Vandenheuvel v. Sowell,* 886 S.W.2d 100, 102 (Mo.App. W.D.1994). "Statutes of limitation are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within a claimed exception." *White v. Zubres,* 222 S.W.3d 272, 276 (Mo. banc 2007).

Here, we find the trial court erred in entering summary judgment in favor of Plaintiffs because Section 516.120.2 applied to this case and barred Plaintiffs' claims.

A fair reading of Plaintiffs' First Amended Petition in its totality reveals that Plaintiffs named the entire Gasconade County Commission as Defendants. The First Amended Petition essentially alleged that Defendants, in both their individual and official capacities, collectively knew Lairmore and Aubuchon had received the mid-term pay increases pursuant to Section 50.333.13, RSMo 1999, yet Defendants collectively refused to return the money or to demand or authorize legal action on behalf of Gasconade County to recover the money even after learning such pay increases violated the Missouri Constitution. Thus, because more than one public official was named as a defendant and the action was based upon those public officials' alleged violation of or failure to follow the law, we find the five-year statute of limitations of Section 516.120.2 applied.

Furthermore, Section 516.120.2 barred Plaintiffs' claims. Plaintiffs' cause of action was based on Lairmore's and Aubuchon's alleged unlawful receipt of mid-term pay increases on January 1, 1999, and January 1, 2000. Accordingly, Plaintiffs' cause of action accrued and the five-year statute of limitations began to

run when Lairmore and Aubuchon accepted the second mid-term pay increases because the damage was sustained and was capable of ascertainment and the legal injury was complete as of that date. *See City of Velda City,* 98 S.W.3d at 883; *Lane,* 174 S.W.3d at 634. Although Plaintiffs argue they did not actually discover the damage until the December 2002 report was issued by the Auditor's Office, the last pay increase received by Lairmore and Aubuchon could have been discovered on January 1, 2000. *See* Section 516.100; *Lane,* 174 S.W.3d at 634. The statute of limitations ran on January 1, 2005, and, because Plaintiffs did not file their initial petition until February 2007, well beyond the five-year limit imposed by Section 516.120.2, Plaintiffs' claims were barred. Therefore, the trial court erred as a matter of law in entering summary judgment against Defendants in their individual capacities. Point granted.

In their second point, Defendants claim the trial court erred in failing to consider and to apply their affirmative defenses of laches and estoppel because those defenses were within the facts of the case and expressly pleaded. Given our disposition of their first point, however, we need not address Defendants' second point.

In their third point, Defendants claim the trial court erred in ordering them to pay Plaintiffs' attorneys' fees. We agree. As discussed in our analysis of Defendants' first point, the statute of limitations ran on Plaintiffs' claims against Defendants before Plaintiffs filed their initial petition. Thus, as a matter of law, Plaintiffs did not have a viable cause of action for which they could be awarded attorneys' fees. Accordingly, the trial court erred in ordering Defendants to pay Plaintiffs' attorneys' fees. Point granted.

*Conclusion*

Because Plaintiffs' cause of action was barred by the five-year statute of limitations under Section 516.120.2, the trial court erred in entering summary judgment in favor of Plaintiffs. The trial court also erred in ordering Defendants to pay Plaintiffs' attorneys' fees. The trial court's final judgment is reversed and remanded for entry of a judgment consistent with these findings.

KATHIANNE KNAUP CRANE, Presiding Judge, and, KENNETH M. ROMINES, Judge, concur.