Paul BRYANT and Gloria R. REYN-OLDS, Carol E. Whitaker, Tracy Scott Reynolds, Ramona L. Kindrick and Debra J. Reynolds, Plaintiffs–Appellants,

v.

CARTER COUNTY, Missouri and Commissioners Eddie Ballard, Lynn Murdick, and Gene Oakley, Defendants–Respondents.

No. SD 30249.

Missouri Court of Appeals, Southern District, Division One.

Sept. 23, 2010.

448

Devin Kirby, Doniphan, MO, for Appellants.

Ivan L. Schraeder, St. Louis, MO, for Respondents.

DON E. BURRELL, Judge.

Paul Bryant and Jerry Reynolds ("Plaintiffs") each served as the Sheriff of Carter County. Each sued Carter County and its Commissioners, Eddie Ballard, Lynn Murdick, and Gene Oakley, ("Defendants") for past wages they claimed they should have received. The case was ultimately submitted to the trial judge on stipulated facts. After the trial court entered a judgment awarding each plaintiff monetary damages, Defendants filed a motion for new trial. The trial court granted Defendants' request without stating any grounds for its ruling. Plaintiffs now appeal that decision.

Because the trial court did not specify "the ground or grounds on which the new trial [was] granted," Plaintiffs filed a Rule 84.05(c) [1] statement requesting that Defendants file the opening brief. This switch in the usual briefing order is allowed because the trial court's failure to identify the ground(s) for its order results in a "presumption [ ] that the trial court erroneously granted the motion for new trial and the burden of supporting such action

1. All rule references are to Missouri Court Rules (2010).

is placed on the respondent." Rule 84.04(c).

Defendants' opening brief asserts two points: 1) the trial court did not err in granting a new trial because it lacked "subject matter jurisdiction" over Plaintiffs' claims because they were time-barred by the applicable statute of limitation; and 2) the trial court did not err in correcting the date of its decision to order a new trial via a *nunc pro tunc* order.

Because Defendants have failed to demonstrate that a new trial was required on nondiscretionary grounds, and Defendants have failed to rebut the presumption of error, the trial court's order granting a new trial must be reversed.

### Factual and Procedural Background

To put it mildly, this case has a somewhat tortured history. Plaintiffs filed their petition in Carter County more than eight years ago. Defendants initially responded with a general motion to dismiss for failure to state a claim. In July 2002, Plaintiffs filed a motion seeking both a change of judge and change of venue. Although the court's order in response to that motion has not been included in the record on appeal, the change of judge request was apparently granted the next day, and a series of special judges were assigned to hear the case. In May 2005—three years after it was filed—the trial court denied Defendants' motion to dismiss.[2] Defendants filed an answer on June 1, 2005, and the case was scheduled for a bench trial. Defendants' answer contained an affirmative assertion that "Plaintiffs' causes of action are barred by the

Statue [sic] of Limitations." No specific statute was referenced, and no facts were averred in support of the alleged defense.

In January 2007, the parties filed a "Joint Stipulation in Lieu of Live Testimony." Among other things, the stipulation provided that Carter County had less than 8,000 inhabitants and set forth the method the county used to determine the salaries of elected officials, along with a schedule of the salaries actually paid Plaintiffs during their respective years in office. The parties stipulated that: Plaintiff Bryant was the duly elected sheriff of Carter County from January 1, 1985, to December 31, 1992, and again from January 1, 1997, to December 31, 2000; Plaintiff Reynolds was the duly elected sheriff from January 1, 1993, to December 31, 1996; Carter County paid its Sheriff $13,750.00 per year from 1985 to 1996 and $25,000 per year from 1997 through 2000. The stipulation contained no other facts that might support a statute of limitation defense and made no reference to any particular statute that might apply.

In June 2007, Judge Mark Richardson was assigned to the case. By agreement of the parties, the case was then transferred to Butler County. After the parties submitted written suggestions, Judge Richardson took the case under submission. On March 21, 2008, Judge Richardson entered a judgment awarding each plaintiff $70,824.00 plus statutory interest at 9% per year. The judgment included findings of fact, grounds for the decision, and the method the court used to calculate Plaintiffs' damages.[3] The judgment con-

---

**2.** In the interim, Plaintiff Reynolds passed away. The parties stipulated that Gloria D. Reynolds, Carol E. Whitaker, Tracy Scott Reynolds, Ramona L. Kindrick, and Debra J. Reynolds were Plaintiff Reynolds's lawful heirs, and they were substituted in his place.

**3.** The trial court reviewed the stipulation, pleadings, and memorandums of law and concluded that Plaintiffs had been underpaid from 1988 to 1996. The trial court discussed the statutorily prescribed method for establishing official salaries for a county having the same assessed valuation and population as

tained no findings or grounds regarding any statute of limitation defense.

Defendants responded to the judgment by filing their motion for new trial on April 11, 2008. On June 9, 2008, Judge Richardson held a hearing on Defendants' motion. At that hearing, Defendants argued that the case should have been dismissed or the judgment set aside because: 1) the claims were barred by the statute of limitation; 2) some of the plaintiffs lacked standing to pursue the case; 3) the trial court lacked jurisdiction; and 4) the wrong parties were named as defendants in the action. Judge Richardson took the motion under advisement.

On July 10, 2008, the 90th day after Defendants filed their motion for new trial, Defendants filed a notice of appeal that challenged the judgment entered in favor of Plaintiffs. The next day—the 91st day after Defendants filed their motion for new trial—the following entry appeared in the court's docket record: "Court reviews Motion for New Trial and hereby sustains said motion. Clerk to notify counsel. So Ordered. MLR [Judge Richardson's initials][.]" On July 21, 2008, the court made the following docket entry: "Court enters nunc pro tunc order to correct the scrivener's error dating said order 7/11/08 to be changed to 7/10/08. Clerk to notify counsel. So Ordered. MLR[.]"

Defendants continued to pursue their appeal of the trial court's underlying March 21, 2008, judgment because they

were unsure of the effectiveness of the trial court's July 21st *nunc pro tunc* order. This court subsequently held that the July 21st order was properly used to correct a scrivener's error and the trial court had therefore timely granted Defendants' motion for new trial on the last day it had the authority to do so, July 10, 2008. *See Bryant v. Carter Cnty.*, 283 S.W.3d 802, 803–04 (Mo.App. S.D.2009) (*"Bryant I "*). The timely entry of the new trial order meant that the March 21, 2008, judgment in favor of Plaintiffs was no longer a final judgment, and Defendants' appeal was dismissed for that reason. *Id.* at 804.

Before this court had issued its opinion in *Bryant I,* Plaintiffs attempted to appeal the new trial order. We dismissed Plaintiffs' appeal at that time on the grounds that it was not taken from a final, appealable judgment. Plaintiffs sought to overturn that ruling by filing a petition for writ of prohibition with our Supreme Court on March 19, 2009. That request for extraordinary relief was denied.

In the meantime, Judge Richardson retired from the bench. The Honorable Robert Smith was appointed to replace him on October 21, 2009. On December 14, 2009, after our mandate had issued in *Bryant I,* Judge Smith entered a "Judgment and Decree" which stated, "Upon review of the file, the Court hereby declares that the docket entry of July 11, 2008, as amended by the *Nunc Pro Tunc* docket entry of July 21, 2008, granting a

Carter County. The trial court determined that, based on the statutory provisions and the highest salary paid to another elected official during the relevant period, "the Defendants should have paid all Carter County officer holders, including Plaintiff [ ] Bryant, 98.3% of their maximum allowable compensation as their salaries." The maximum allowable salary for sheriff was $32,000.00 for counties with the same classification as Carter County. Based on the foregoing, the trial court ulti-

mately concluded that Plaintiff Bryant "was under-compensated $17,706.00 per year for his entire term of office from January 1, 1988 until December 31, 1992, which totals $70,824.00." The trial court applied the same reasoning to Plaintiff Reynolds's salary and concluded that he "was also under-compensated $17,706.00 per year for his entire term of office from January 1, 1993 until December 31, 1996, which totals $70,824.00."

new trial is a final decree for purposes of RSMo. § 512.020." [4] This appeal timely followed.

## Analysis

■ We will address Defendants' second point first. This court upheld the validity of Judge Richardson's July 21, 2008, *nunc pro tunc* order in *Bryant I.* Absent a showing that our decision relied on a mistaken fact, resulted in "manifest injustice," or was followed by a change in the law, there is no need to readdress it. *See Walton v. City of Berkeley,* 223 S.W.3d 126, 128–30 (Mo. banc 2007). None of these exceptions to the "law of the case" doctrine apply here. Defendants' second point is correct; the trial court's decision to grant a new trial was not erroneous simply because a *nunc pro tunc* order was used to correct the date of its issuance.

■ Defendants' first point asserts, "The trial court did not err in granting [Defendants'] motion for new trial based on the affirmative defense of the statute of limitations under [section] 516.120 because the court lacked subject matter jurisdiction over [Plaintiffs'] claims, in that the claims are time-barred under [section] 516.120 since [Plaintiffs] did not file their lawsuit until after five years had elapsed from the date the cause of action accrued." [5] Plaintiffs responded that Defendants "failed to show a legal nondiscretionary basis to support the granting of a new trial in that the trial court failed to specify the ground(s) upon which the motion for new trial was granted." Plaintiffs are correct.

Rule 78.03 states, "Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." Rule 84.05(c) provides that "[w]hen a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent." Thus, "[w]hen a trial court enters an order for new trial but fails to specify reasons for ordering a new trial, the trial court's actions are presumed to be erroneous." *Greek by Greek v. Midwestern Tel., Inc.,* 880 S.W.2d 364, 365 (Mo.App. S.D.1994).

Defendants mistakenly assert that we should review the trial court's decision to grant a new trial for an abuse of discretion, citing *Thurman v. St. Andrews Mgmt. Servs., Inc.,* 268 S.W.3d 434 (Mo. App. E.D.2008). But in *Thurman,* "[t]he trial court granted Plaintiffs' motion for a new trial 'on the grounds that the court erred in not allowing the jury to apportion fault among the remaining defendants and the dismissed party, [a doctor.]'" *Id.* at 440. *Thurman* is distinguishable because Rule 84.05(c) simply has no application when the trial court states its reasons for granting a new trial. *Damon Pursell Constr. Co. v. Missouri Highway & Transp. Comm'n,* 192 S.W.3d 461, 471 n. 2

---

**4.** Unless otherwise indicated, all statutory references are to RSMo 2000.

**5.** On appeal, Defendants argue that the limitation period commenced on Plaintiffs' first day in office, citing *State ex rel. Gasconade Cnty. v. Jost,* 291 S.W.3d 800, 804 (Mo.App. E.D.2009), and *Cox v. Ripley Cnty.,* 233 S.W.3d 225, 230–31 (Mo.App. S.D.2007). While both cases apply the five-year statute of limitations expressed in section 516.120.2,

our subsequent decision in the Cox case pointed out that the limitation period commenced on the last day of each year in the term of office in which the official was underpaid because the salary was paid annually. *Cox v. Ripley Cnty.,* —— S.W.3d —— (Mo.App. S.D.2010). In *Jost,* the cause of action to recover overpayment commenced mid-term when the commissioners received their mid-term raises. 291 S.W.3d at 804–05.

(Mo.App. W.D.2006). Here, no grounds supporting the decision were set forth in either Judge Richardson's original docket entry or Judge Smith's subsequent order deeming that entry final for purposes of appeal.

Rule 84.05(d) provides: "If the trial court grants a new trial without specifying discretionary grounds, it shall never be presumed that the new trial was granted on any discretionary grounds." This rule has been interpreted to mean that when the trial court does not state its ground(s), "and only discretionary grounds support the new trial order, 'the action of the trial court cannot be sustained on that ground' and, thus, the new trial order must be vacated." *Bishop v. Carper*, 81 S.W.3d 616, 619 (Mo.App. W.D.2002) (quoting *Pretti v. Herre*, 403 S.W.2d 568, 569 (Mo. banc 1966)). That means we may affirm the trial court's decision to grant a new trial only if Defendants establish that the trial court committed a reversible error during the trial as a matter of law. *Curtis v. Curtis*, 491 S.W.2d 29, 33 (Mo.App. Spfld.D.1973).

Defendants attempt to assert such a claim by stating that the passing of the time limitation set forth in section 516.120 deprived the trial court of "subject matter jurisdiction" over Plaintiffs' claims. We presume they do so because a true "[l]ack of subject matter jurisdiction is not subject to waiver; it can be raised at any time, even on appeal. By contrast, if a matter is not jurisdictional but rather is a procedural matter required by statute or rule or an affirmative defense of the sort listed in Rule 55.08, then it generally may be waived if not raised timely." *McCracken v. Wal–Mart Stores East, LP*, 298 S.W.3d 473, 476 (Mo. banc 2009) (internal citation omitted).

Fatal to Defendants' position is the fact that "[t]he law is well settled that the affirmative defense of 'the statute of limitations is non-jurisdictional and can be waived.'" *Dice v. Darling*, 974 S.W.2d 641, 645 (Mo.App. W.D.1998) (quoting *Longhibler v. State*, 832 S.W.2d 908, 911 (Mo. banc 1992)). The trial court was not required as a matter of law to grant a new trial on the ground that it lacked subject matter jurisdiction over Plaintiffs' case as a result of the expiration of any applicable statute of limitation. As a result, Defendants have failed to establish that a non-discretionary ground supported the trial court's decision. Point I is denied.

Even if the trial court had stated that it was granting Defendants' motion for new trial on the ground that Plaintiffs' claims were time-barred by section 516.120, that decision would not withstand appellate review. This case was tried solely on the parties' joint stipulation. That stipulation contained no evidence relating to when a particular statute of limitation defense commenced and would thereafter bar any of Plaintiffs' claims. The specific statute of limitation Defendants believed applicable was also not identified in Defendants' pleadings.

It is not enough to allege generally that a claim is barred by "the statute of limitations." *See Grady v. Amrep Inc.*, 139 S.W.3d 585, 590 (Mo.App. E.D.2004); *Heintz v. Swimmer*, 922 S.W.2d 772, 775 (Mo.App. E.D.1996). The trial court had no obligation to rule on a defense that was not raised. *See Adams v. Inman*, 892 S.W.2d 651, 653 (Mo.App. W.D.1994) (holding it was error for the trial court to dismiss a claim based on a statute of limitation and collateral estoppel when the defendant did not raise either as a defense). Because Defendants did not plead a specific statute and presented no evidence in support of its application, the trial

court could not have found that Defendants were entitled to prevail on it.

Defendants argue that "all pleadings and facts show that the applicable statute of limitations had run on the matter pursuant to [s]ection 516.120.2 RSMo as interpreted in *Cox v. Ripley County*, 233 S.W.3d 225 (Mo.App. S.D.] 2007)" ("*Cox I*"). After our reversal in *Cox I*, this court, in a subsequent appeal, allowed Ripley County to rely on a five-year statute of limitation when it had not specifically alleged that statute in its answer. *Cox v. Ripley County*, —— S.W.3d —— (Mo.App. S.D.2010) ("*Cox II*"). The county's answer alleged that Cox's claim was barred by a three-year statute of limitation, section 516.130.1. The trial court agreed with the county and applied the three-year statute in reaching its judgment. We reversed, holding that the applicable statute was the five-year limitation set forth in section 516.120.1. *Cox I*, 233 S.W.3d at 226, 231.

On remand, the county asserted the five-year statute. Cox argued that the defense had been waived by the county's prior failure to identify the five-year statute in its answer. *Cox II*, —— S.W3d at ——. We noted that the county's reliance on the five-year statute came as no surprise to Cox because it was the very statute he had argued was applicable in his *Cox I* appellate brief. *Id.* at ——. As a result, we held that a defense relying on the five-year statute was not waived because it would have been an abuse of discretion under the unique circumstances of that case for the trial court to have refused the county an opportunity to amend its answer to assert it. *Cox II*, —— S.W.3d at ——.

Here, Plaintiffs did not concede the application of a particular statute of limitation. Instead, the record reveals that Defendants: 1) never correctly identified the applicable statute in its pleadings; and 2)

presented no evidence in support of the defense at trial. Identifying and asserting the relevant statute of limitation after the trial is over in a motion for new trial comes too late. The defense must be specifically asserted by the time the case is decided. *See Straub*, 128 S.W.3d at 159–60, 161; *Weaver v. African Methodist Episcopal Church, Inc.*, 54 S.W.3d 575, 587 (Mo.App. W.D.2001) (cases holding that the failure to request a jury instruction on the affirmative defense constituted a waiver of it). *See also Patel v. Pate*, 128 S.W.3d 873, 877 (Mo.App. W.D.2004) (holding that a statute of limitation defense raised for the first time in a motion to dismiss filed at the close of the plaintiffs' evidence was untimely).

Because Defendants have failed to demonstrate that a new trial was required on nondiscretionary grounds, the presumption of error under Rule 84.05(c) has not been rebutted. Defendants' first point fails, and the trial court's December 14, 2009 "Judgment and Decree" granting a new trial is reversed. The matter is remanded to the trial court which is directed to vacate that "Judgment and Decree" and reinstate the court's March 21, 2008, judgment.

BARNEY, J., and BATES, P.J., Concur.