**Michael ZIMMER, Plaintiff–Appellant,**

v.

**William BELDEN and Belden Logging, LLC, Defendants–Respondents.**

No. SD 31843.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 7, 2012.

Matthew G. Koehler, St. Louis, MO, for Appellant.

Wayne Gifford, Waynesville, MO, for Respondents.

JEFFREY W. BATES, J.

Michael Zimmer (Plaintiff) sued William Belden and Belden Logging, LLC (Defendants) for statutory and common law trespass. The petition alleged that Defendants had cut logs on Plaintiff's land without his permission. Defendants admitted liability, and a jury trial was held to assess damages. The jury returned two unanimous verdicts for Plaintiff. On the statutory trespass count, Plaintiff was awarded $10,000. On the common law trespass count, Plaintiff was awarded $6,812.50 in actual damages and $3,817.50 in punitive damages.

Thereafter, Defendants filed a timely motion for new trial and alternative motion for judgment notwithstanding the verdict. The motion asserted six grounds of alleged trial court error warranting relief. After conducting a hearing on the motion, the trial court ordered a new trial. The court did not specify any ground for that ruling. On April 26, 2012, that order was denominated as a judgment, and this appeal followed.

Plaintiff presents three points, but we need address only the first as it is dispositive. Plaintiff's first point contends that reversal is required because the trial court erred by granting a new trial without specifying any grounds. We agree.

Rule 78.03 states that "[e]very order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."[1] The effect of noncompliance with that rule is set out in Rule 84.05(c). In relevant part, that subsection states:

---

1. All references to rules are to Missouri Court Rules (2012).

When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent.

*Id.* In addition, this Court cannot presume that a new trial was granted on any discretionary ground. *See* Rule 84.05(d). Thus, we cannot affirm the trial court's decision to grant a new trial unless Defendants establish, as a matter of law, that the trial court committed reversible error during the trial. *See Reynolds v. Carter County,* 323 S.W.3d 447, 452 (Mo.App.2010).

Because Defendants filed no brief, they have failed to meet that burden. Therefore, the presumption in Rule 84.05(c) that the trial court erred in granting a new trial has not been rebutted. Plaintiff's first point is granted.

The trial court's April 26, 2012 judgment granting a new trial is reversed. The cause is remanded to the trial court with directions to reinstate the jury's verdicts and enter judgment thereon.

DANIEL E. SCOTT, P.J., and DON E. BURRELL, C.J., concur.